Argued October 13, affirmed November 9, 1955

## THOM *v.* LIARD ET AL

289 P. 2d 418

*Frank E. Day* argued the cause for appellant. On the brief were Stern, Reiter & Day of Portland.

*Wendell Wyatt* argued the cause for respondent, Elizabeth U. Liard. On the brief were Norblad, Wyatt & Macdonald of Astoria.

No appearance was made nor brief filed by respondent The First Seaside Bank.

Before WARNER, Chief Justice, and TOOZE, ROSSMAN and PERRY, Justices.

PERRY, J.

This is a suit for the partition of the following described real property, to-wit:

"Lot Two (2), Block Seven (7), Inglenook Addition to the City of Seaside, Clatsop County, Oregon."

The defendant The First Seaside Bank has not appealed and, therefore, when we speak of the "defendant" in this opinion we are referring to Elizabeth U. Liard.

Prior to September 26, 1952, Azellus Liard and the defendant Elizabeth U. Liard were husband and wife, and were the owners of estates by the entirety in Lots 2 and 3, Block 7, of the above described addition to the city of Seaside. A divorce was granted to the defendant from Azellus Liard on September 26, 1952. The divorce decree in determining the property rights of the parties in the real property, insofar as is necessary to the determination of the issues raised on this appeal, provides as follows:

"3. Lot Three (3), Block Seven (7), Inglenook Addition to the City of Seaside, Clatsop County, Oregon, is hereby declared to be the sole and separate property of the plaintiff, together with all personal property thereon, except as otherwise provided herein.

"4. Lot Two (2), Block Seven (7), Inglenook Addition to the City of Seaside, Clatsop County, Oregon, is herein decreed to be the property of both parties, to be held as tenants in common, and the personal property therein is hereby decreed to be the property in common of the parties; each party having equal shares therein."

"* * * * *

"10. In regard to the two real property mortgages against the real property described in the complaint herein, it is hereby ordered that since the balance of these two mortgages total almost an even $20,000.00 that the plaintiff assume the payment of $8,000.00 of said unpaid mortgage balance as her sole and separate obligation; and that the balance of $12,000.00 of the total of said two mortgages be paid jointly by the parties on an equal basis. It is further ordered that the $6,000.00 assumed by each of the parties in this connection be and the same hereby is made a lien on the interest of each party in and to the said Lot 2, Block 7, Inglenook Addition to the City of Seaside, Clatsop County, Oregon."

On August 4, 1952, the plaintiff purchased the interest of Azellus Liard in Lot 2, with full knowledge of the decree entered in the divorce suit, and thereafter commenced this suit in partition.

The plaintiff in his complaint alleged that a partition of the property in kind was not possible, and that a sale of the property should be had. He joined the defendant The First Seaside Bank, a corporation, formerly The Clatsop County Bank, for determination of its interest, if any, in this property. The evidence discloses that at the time of trial the debt due the defendant Bank, as secured by its mortgage upon Lot 2, was in the sum of $4,873.67, but the debt due the Bank by Azellus Liard and Elizabeth U. Liard was in excess of $12,000.

The trial court found that the plaintiff and the defendant were tenants in common; that the property could not be partitioned in kind and the property should be sold; that the defendant Bank had a valid and subsisting lien upon the real property; and further, that $12,000 be applied from the proceeds of the sale of the property upon the indebtedness of the Liards to the Bank.

The defendant is satisfied with the decree, but the plaintiff feeling aggrieved has appealed.

The plaintiff assigns as error the trial court's "decreeing that from the proceeds of the sale of the property owned by the parties hereto as tenants in common that the sum of $12,000.00 or any other sum in excess of the current balance due the First Seaside Bank and secured by a mortgage on Lot 2, Block 7, Inglenook Addition to the City of Seaside, Clatsop County, Oregon, dated January 12, 1951, be paid to the First Seaside Bank".

The burden of plaintiff's assignment is that the divorce court, being a court of limited jurisdiction, acted in excess of its jurisdiction in decreeing a lien upon the interest of Azellus Liard in and to Lot 2 to secure the payment of the sum of $6,000, contending that the lien so imposed is an equitable lien only, and is void since the "statute defining the powers of a divorce court to adjudicate the property rights between the parties did not confer upon the divorce court the power to impose an equitable lien upon the interest of either of the parties to the divorce, either in favor of either of the parties or in favor of a stranger to the proceedings, for in the words of the statute: 'Whenever a marriage shall be dissolved or annulled, the party on whose prayer the decree shall be given and made thereby shall be awarded in his or her in-

dividual right such undivided interest in, or in severalty, such part or parts or the whole of, the real property or personal property, or both, or right, interest or estate in either or both thereof, owned by the other at the time of such decree, as may be just and proper in all the circumstances, in addition to the further decree for maintenance provided for in section 9-914.' Or. L. 1947 Ch. 557.''

The 1947 amendment applies to these proceedings, and under the authority of this amendment this court has said ''* * * Where property is held by the husband and wife as tenants by the entirety the party to whom the divorce is granted becomes the owner of an undivided one-half thereof unaffected by the 1947 amendment. The other undivided one-half, or an interest therein, may be awarded to the party not in fault, if found by the court to 'be just and proper in all the circumstances' ''. *Siebert v. Siebert,* 184 Or 496, 502; 199 P2d 659.

Prior to the 1947 amendment, the court was required to award to the party not at fault an undivided one-third part in fee of the real property owned by the other at the time of the decree. § 9-912 OCLA, as amended by ch 407 Oregon Laws 1941. This change wrought by the amendment simply provided that the trial court was not required to award a one-third interest or any interest, but only such interest in the real property owned by the offending spouse at that time as was ''just and proper in all the circumstances''. *Siebert v. Siebert,* supra.

In addition to dealing with the real property of the parties, the court may decree alimony in gross to be paid by the offending party to the party not at fault, § 9-914 OCLA, now ORS 107.100, and the money judgment decreed becomes a lien upon the real property

of the party at fault regardless of whether or not it is mentioned as a lien upon certain property by the decree. ORS 18.350.

Whether or not the provision of the divorce decree imposing a lien in the sum of $6,000 upon the interest of this defendant in Lot 2 in favor of the offending spouse is valid is not before this court as there was no appeal by either party from the divorce decree, and the plaintiff in this cause has no interest therein.

Since the trial court in decreeing a divorce had full authority to determine the interest of the parties in the real property, and to allow alimony in gross to the defendant from her husband Azellus Liard, we must now consider the adjudication of the trial court as expressed in the divorce decree.

The plaintiff's contention that the lien is only an equitable lien is totally without merit. Equitable liens arise from agreements of parties, or are implied from the dealings of the parties. If a lien is created in this case, the lien arises wholly from the decree of the court. *Esselstyn v. Casteel et al.*, 205 Or 344, 286 P2d 665, 288 P2d 214, 288 P2d 215.

In the case of *Esselstyn v. Casteel*, supra, this court, speaking through Mr. Justice Lusk, adopted the modern rule for interpreting judgments expressed in 1 Freeman on Judgments, 5th ed., 120, § 69:

"But the use of any particular words or form of words is no longer essential, but any words of the same meaning or significance are sufficient, particularly on a collateral attack upon the judgment. Whatever may have been requisite formerly, it is evident that the sufficiency of the writing claimed to be a judgment must, at least under the code, be tested by its substance rather than by its form. If it corresponds with the definition of a judgment as established by the code; if it appears

to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligible language the relief granted,—its claim to confidence will not be lessened by a want of technical form, nor by the absence of language commonly deemed especially appropriate to formal judicial records."

Likewise, 1 Freeman on Judgments, 5th ed., 133, § 76, speaking of uncertain or ambiguous judgments, states the rule to be:

"* * * It is always proper to consider what the judgment should have been, since it will be 'presumed that the court intended to adjudge correctly in law upon the facts of the case,' and of two possible interpretations of the language of the judgment, that one will be adopted which makes it correct and valid, in preference to one which would make it erroneous."

The contention of the plaintiff that the decree was made for the benefit of a third party (that is the Bank) is based upon a false premise.

The plaintiff has failed to consider that the debt of $20,000 created by the parties to the Bank is joint and several, and the mortgage upon the real property securing that debt is but security for the debt.

The trial court did not attempt to effect any change of the rights created insofar as the mortgage secures the debt, but only to determine as between the parties their liability, one to the other, of the joint liability of each upon the debt to the Bank. In its decree, the trial court first dealt with the real property of the divorcing parties, and determined what interest in the real property of the party at fault was to be admeasured to the party not at fault; then, having determined that Azellus Liard, the husband, was to retain his undivided one-half interest in Lot 2, Block 7, the

defendant was granted a lien on that property until such time as Azellus Liard had discharged $6,000 of the joint and several liability of the defendant, for the benefit of this defendant's several liability upon the total debt.

That a court of divorce has jurisdiction and authority to impress a lien upon the real property of a party to a divorce has already been determined in this state in *Kellogg v. Kellogg,* 123 Or 639, 263 P 385.

The decree of the trial court is affirmed.