Argued February 25, affirmed March 11, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
VETTER, *Respondent, and* VETTER, *Appellant.*

520 P2d 364

*Gary E. Norman,* Albany, argued the cause for appellant. With him on the brief were Scott & Norman, Albany.

*Robert G. Ringo,* Corvallis, argued the cause for respondent. On the brief were Ringo, Walton, McClain & Eves, Corvallis.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

## THORNTON, J.

In this suit for dissolution of marriage, the respondent wife appeals from those provisions of the decree which divided the assets of the parties and awarded attorney's fees.

The parties were married in 1965. There are no children. In 1967 the parties recovered $21,532 in settlement from a lawsuit arising out of a motorcycle accident in which both husband and wife were injured. The proceeds of this recovery were invested in various assets, including a home and the husband's business. The trial court's decree undertook to divide the assets equally.

Respondent wife argues that the residence should have been awarded to her, rather than to both as tenants in common, because the initial investment in this home came from the above settlement. She argues that this settlement was wholly for her injuries and was therefore not a joint asset of the parties. From our examination of the record, however, we can find no evidence to support this claim. So far as the record is concerned, the amount received by the parties was a lump-sum settlement without any apportionment or breakdown.

In decreeing a dissolution of marriage, the trial court has the power to decree:

"(e) For the division or other disposition between the parties of the real or personal property, or both, *of either or both of the parties* as may be just and proper in all the circumstances." ORS 107.105 (1) (e). (Emphasis supplied.)

As our Supreme Court observed in *Barone v. Barone*, 207 Or 26, 31, 294 P2d 609 (1956),

"* * * the fact, if it be such, that by the decree the court granted to the plaintiff property of the defendant did not constitute action in excess of the authority reposed in the court * * *."

■■ Thus the court is vested with a broad discretion in making its distribution of the assets. *Sharp v. Sharp*, 12 Or App 421, 424, 507 P2d 417 (1973); accord, *Johnson v. Johnson*, 245 Or 10, 15, 419 P2d 28 (1966) (construing former ORS 107.100 (4)). Conflicts as to who contributed what are best resolved by the trial court, which had the opportunity to hear the testimony and to observe the witnesses. *Sharp v. Sharp*, supra at 425. Furthermore, the amount of contribution to the acquisition of assets is but one of many considerations in the division of property and is not determinative. *Johnson v. Johnson*, supra at 15, 16.

■ Our de novo review of the record reveals that there was cogent evidence to support the trial judge's decision. *Schunk and Schunk*, 14 Or App 74, 511 P2d 1240 (1973); see also, *Hansen v. Hansen*, 7 Or App 44, 489 P2d 970 (1971).

■ As to the wife's contention regarding attorney fees, the trial court awarded the wife $300 attorney's fees, which she argues was an inadequate award. Neither party alleged, offered evidence concerning,

nor argued any amount as reasonable attorney's fees. Instead the parties stipulated that the amount of attorney fees was to be left to the trial court's discretion. We find no abuse of that discretion. *Bohren v. Bohren,* 243 Or 237, 412 P2d 524 (1966) ; *Erpelding v. Erpelding,* 6 Or App 333, 487 P2d 1406 (1971) ; *cf., Colbath and Colbath,* 15 Or App 568, 516 P2d 763 (1973).

Affirmed. No costs to either party.