Argued June 27, affirmed as modified and remanded
July 29, petition for review denied October 15, 1974

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HARDENBURGER, *Appellant, and*
HARDENBURGER (No. 42604),
*Respondent.*

525 P2d 179

*John E. Frohnmayer,* Eugene, argued the cause for appellant. With him on the brief were James P. Harrang and Johnson, Johnson & Harrang, Eugene.

*C. S. Emmons,* Albany, argued the cause for respondent. With him on the brief were Emmons, Kyle, Kropp & Kryger, Albany.

Before SCHWAB, Chief Judge, and FOLEY and FORT, Judges.

FORT, J.

This is an appeal by the wife from the decree dissolving the marriage of the parties. She challenges the division of property and the failure of the trial court to award attorney fees.

Married at 47, this 56-year-old couple had no issue of this marriage. Both had been married previously —she twice, he thrice. The principal item in controversy is the award to the husband of sole ownership of a trust deed in an eight-plex apartment having a value of $119,000.

The husband was a successful builder; the wife had but a limited earning capacity. During the early years of the marriage she had worked as a cashier until the apartment was completed.

The husband contended that he invested $101,000 of his own money, acquired before the marriage, and borrowed $50,000 more to build the apartment. Title to the lot on which the apartment was built was in their joint names. The $50,000 note and mortgage were signed by both parties. The apartment was sold by the

parties for $174,000 in 1971. The mortgage was paid off—apparently by use of the $50,000 down payment.

The record discloses that during the earlier years of the marriage the husband built a home for the parties. When it was completed they sold it for approximately $82,000. They never lived in it. It was after that that the apartment was constructed. It is not clear what the husband did with this money.

When the parties separated, the husband flew to Alaska and withdrew $14,000 from the couple's joint savings account there. He claimed he put the cash in a filing cabinet in their home in Lebanon, Oregon. The wife denied ever being aware of or seeing that money. The court accepted the wife's testimony on this issue. The judge saw the witnesses and this issue is one strongly influenced by their credibility. We adopt his finding. *Omlie v. Hunt,* 211 Or 472, 316 P2d 528 (1957); *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971).

In its memorandum opinion the court said:

"The respondent's testimony is that he had $101,000.00 of his own money in the Leann Apartments, in addition to the $50,000. bank loan. Since there is now $119,000.00 remaining unpaid after expenses, it would appear that the net profit remaining to the parties is $18,000.00. Considering the equity the parties have in the house and in the mobile home and taking into consideration the value of the furniture each has retained, the court is of the opinion that the petitioner should receive $16,000 in addition to what is now in her possession. This should be paid at the rate of $465.67 per month until the $16,000.00 has been paid."

■■ It is apparent therefrom that the court treated the $101,000 "of his own money"[①] as an asset of the husband separate and apart from any claim of the wife. The court also awarded the home of the parties in Lebanon to the husband, subject to encumbrances. The home had recently cost $16,000 and there was $7,367 outstanding. She received the furnishings. The court awarded her a judgment of $16,000, apparently as compensation for the parties' equity in the apartment house. We think such an award is insufficient under the facts of this case. The mere fact that one spouse brings to a marriage greater assets than the other does not itself upon dissolution entitle that spouse to the return in effect of such assets before the remaining property is divided. *Vetter and Vetter,* 16 Or App 634, 520 P2d 364 (1974). While it may be a factor to be considered along with many others in determining what "division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances" (ORS 107.105 (1) (e)), that is all it is.

Here the court made no order of support under ORS 107.105 (1) (c). That section, however, sets forth guidelines governing the granting of a support order in favor of a spouse, which we find helpful here. Subsection (1) (c) states:

"* * * In making such support order, the court shall consider the following matters:

"(A) The duration of the marriage;

---

[①] The husband was divorced in 1962 in Josephine County, Oregon, from his third wife. In the present trial he testified that he "hid out" in cash $50,000 from his third wife at the time of that divorce, and that it was with that money in substantial part that he began the construction of the apartment.

"(B)  The ages of the parties;

"(C)  Their health and conditions;

"(D)  Their work experience and earning capacities;

"(E)  Their financial conditions, resources and property rights;

"* * * * *

"(H)  Such other matters as the court shall deem relevant."

In *Flanagan v. Flanagan,* 188 Or 126, 213 P2d 801 (1950), the Supreme Court said at 145-46:

"Much depends upon the particular facts of the individual case in determining the amount of or interest in the property of the other party to be awarded to the party not at fault.[⊛] The matters to be considered are mostly the same as those pertaining to the allowance of permanent alimony. 2 Nelson, Divorce and Annulment, 2nd Ed., § 14.135, p. 144. In discussing the question of alimony, we said in *Siebert v. Siebert* [184 Or 496, 199 P2d 659 (1948)] as follows: 'Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living.'"

*See also: Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966); *Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970).

Applying the foregoing to the facts of this case we conclude that the wife is entitled in lieu of the

⊛ Although fault is no longer a criterion the principles set forth in *Flanagan* remain relevant.

$16,000 awarded her by the trial court to an undivided 40 per cent of the value (approximately $119,000) as of the date of the decree, January 3, 1974, in that certain Deed of Trust covering Lot Six, Block Five, First Addition to Lampert Subdivision No. 3 according to Plat P-403 in the Anchorage Recording District, Third District, State of Alaska, and recorded in Book 767, pages 379-80, Anchorage Recording District.

■ Although the trial court awarded no attorney fees, the parties stipulated that it might do so. We hold under the circumstances a fee should be awarded to the wife together with costs.

Affirmed as modified and remanded for further proceedings consistent with this opinion.