Argued December 17, 1974, affirmed as modified February 4,
reconsideration denied March 12, petition for review
denied April 8, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
PHIPPS (No. 83232), *Appellant, and*
PHIPPS ET AL, *Respondents.*
530 P2d 1269

*Lawrence N. Brown,* Salem, argued the cause for

appellant. With him on the briefs were Brown, Burt & Swanson, Salem.

*Malcolm F. Marsh,* Salem, argued the cause for respondents. With him on the brief were Clark, Marsh & Lindauer, Salem.

Before SCHWAB, Chief Judge, and FORT and THORNTON, Judges.

FORT, J.

Following a childless marriage of approximately ten years, the parties sought and obtained its dissolution. The decree provided for division of the property, support and attorney fees. The wife appeals challenging each of the aforesaid provisions. The wife is 45 and in good health. The husband is 49 and has a history of heart trouble.

Substantial business and personal assets are involved. The principal business has been the ownership and, until recently, the operation of a successful bowling alley. Additionally, a successful trophy business is owned and operated by the husband from the bowling alley premises. The corporation also owns real property adjoining the bowling alley having a substantial value. The corporation sold the bowling alley operation but retains the premises and leases them to the present operator.

In his brief, the husband contends his wholly-owned corporation has a net corporate value of $305,500. The wife contends its net value to be $380,500. The corporation owns all of the business properties and virtually all of the income-producing assets.

The remaining noncorporate assets are estimated by the husband to have a net value of $38,924 and by the wife to be $20,232. The principal asset is the house, awarded by decree to the wife, which we find to have a gross value of $35,000 and is subject, according to the husband, to a $21,000 mortgage which, under the decree, the wife must assume.

In its opinion, the trial court concluded:

"* * * * *

"The assets of Richard B. Phipps, Inc., consist of assets owned by the respondent at the time the parties were married, acquired by the credit of the business or generated by respondent's efforts. In this no-fault divorce I conclude it would be inappropriate to award [sic—any] of the corporation's assets or the stock in said corporation to the petitioner.

"I recognize, however, that this is a 10 year marriage to which the petitioner devoted her homemaking skills. She also to some extent worked in the business. It would be in my view inappropriate for her to leave the marriage without some of the property belonging to the parties * * *.

"* * * * * *"

Recently in *Hardenburger and Hardenburger,* 18 Or App 267, 525 P2d 179, Sup Ct *review denied* (1974), we considered a case concerning a marriage of similar duration in which the trial court, in dividing the property, awarded to the husband property equivalent in value to that which he owned at the time of the marriage and made a division between the parties in effect only of that acquired following the marriage. There we said:

"* * * The mere fact that one spouse brings to a marriage greater assets than the other does not itself upon dissolution entitle that spouse to the

return in effect of such assets before the remaining property is divided. *Vetter and Vetter,* 16 Or App 634, 520 P2d 364 (1974). While it may be a factor to be considered along with many others in determining what 'division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances' (ORS 107.105(1)(e)), that is all it is." 18 Or App at 270.

In *Johnson v. Johnson,* 245 Or 10, 419 P2d 28 (1966), our Supreme Court said:

"As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. Justice Bailey, speaking for the court upon this question, in *Flanagan v. Flanagan,* 188 Or 126 at 145, 213 P2d 801 (1950) points out:

" 'Much depends upon the particular facts of the individual case in determining the amount of or interest in the property of the other party to be awarded to the party not at fault. The matters to be considered are mostly the same as those pertaining to the allowance of permanent alimony. 2 Nelson, Divorce and Annulment, 2nd Ed., § 14.135, p. 144. In discussing the question of alimony, we said in Siebert v. Siebert, supra, as follows: "Among the matters to be considered are: The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability

to labor; and the wife's age, health, station and ability to earn a living." ' " 245 Or at 15-16.

*Stettler v. Stettler,* 2 Or App 119, 467 P2d 130 (1970).

Applying the foregoing rules to the facts of this case, we conclude that the decree should be modified by requiring the husband to assume the full amount of unpaid principal and interest, if any, owing upon the home of the parties as of the date of the decree, and make the payments of principal and interest as the same become due thereon according to the terms of the note and mortgage but exclusive of any reserve for taxes, insurance, or other imposable costs which may be required or imposable under the terms of the note and mortgage.

The court awarded the wife support at the rate of $690 per month for one year and at the rate of $350 per month for the following two years. In view of our modification of the property settlement award, we conclude the support award should be modified for the first year to $450 per month and for the following two years to $225 per month, terminable in the event of the wife's remarriage as now provided in the decree.

The award of an attorney fee in the sum of $3,500 to the wife is affirmed. We award no costs to either party on this appeal.

Affirmed as modified.