Argued September 17, affirmed November 3, 1975

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
WATROUS, *Respondent, and*
WATROUS (No. 21807, CA 4677), *Appellant.*
541 P2d 1082

*Malcolm F. Marsh,* Salem, argued the cause for appellant. With him on the brief were Clark, Marsh & Lindauer, Salem.

*Norman F. Webb,* Salem, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

In this marriage dissolution appellant-wife maintains that the trial court erred in not granting her a larger share of the assets and not granting her large and permanent support. The wife received: (1) $200 per month support for each of two minor children; (2) $200 per month for her support for three years, then $100 per month for five years; (3) substantially one-half of the $36,000 assets of the parties; and (4) $1,000 on account of her attorney fees.

█. The statutory provision for the division of property upon dissolution requires only that it be "just and proper in all the circumstances." ORS 107.105(1)(e). In *Nolan and Nolan,* 20 Or App 432, 532 P2d 35, Sup

Ct *review denied* (1975), we set forth the general guidelines originally laid down in *Siebert v. Siebert,* 184 Or 496, 503, 199 P2d 659 (1948), as follows:

> "* * * The financial condition of the parties; the nature and value of their respective properties; the contribution of each to any property held by them as tenants by the entirety; the duration of the marriage; the husband's income, his earning capacity, his age, health, and ability to labor; and the wife's age, health, station and ability to earn a living. * * *"

In the case at bar, the wife was 51 years old and the husband was 49 at the time of trial. They were married for twenty years. The husband has minor health problems which are more troublesome than disabling. There is no indication that he cannot continue in his present job. The wife's cash contributions to the marital assets were minor. The husband is presently employed as a communications consultant. His 1974 federal tax return showed $19,562.50 gross income.

The wife did library work from 1943 to 1947. For the next six years she worked as a secretary. In 1954 she worked with a travel agency for three months. From 1968-1970 she worked part-time in the Music Department at Princeton University. In 1970 she had an operation on her right wrist which, in the judgment of her physician, limits her to "modified or light work." In 1974 she worked briefly at a travel agency, then quit because her employer wanted to send her to airline school and have her work full-time. She has skill in shorthand but has not used it since 1970. She has had two years of college.

■ If the husband lives to age 65 he will receive a retirement income. The wife claims one-half of his retirement income. After considering the ages and

capacities of the parties, we agree that the trial court properly denied this claim.

■■ In reliance on *Kitson and Kitson,* 17 Or App 648, 655, 523 P2d 575, Sup Ct *review denied* (1974), the wife insists that the trial court erred in not awarding her greater support and in failing to make it permanent. The factors governing the award of support to a spouse are set forth in ORS 107.105(1)(c).[1] In *Kitson,* we observed that "* * * each case must be decided on its own facts and no formula can be stated * * *" and said:

> "* * * If the wife is employable at an income not overly disproportionate from the standard of living she enjoyed during marriage, then, generally speaking, if support is appropriate it should be for

---

[1] ORS 107.105 (1)(c) states:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"* * * * *

"(c) For the support of a party, in gross or in instalments, or both, such amount of money for such period of time as it may be just and equitable for the other party to contribute. The court may approve, ratify and decree voluntary property settlement agreements providing for contribution to the support of a party. If requested by either party, the court shall make and set forth in its decree the findings of fact upon which its award or denial of support was based. In making such support order, the court shall consider the following matters:

"(A) The duration of the marriage;

"(B) The ages of the parties;

"(C) Their health and conditions;

"(D) Their work experience and earning capacities;

"(E) Their financial conditions, resources and property rights;

"(F) The provisions of the decree relating to custody of the minor children of the parties;

"(G) The ages, health and dependency conditions of the children of the parties, or either of them; and

"(H) Such other matters as the court shall deem relevant."

a limited period of, for example, one to three years. In such a situation, *it is not the policy of the law to give the wife an annuity for life or; stated differently, a perpetual lien against her former husband's future income.* Conversely, if the wife is not employable or only employable at a low income compared to her standard of living during the marriage then, generally speaking, permanent support is appropriate." 17 Or App at 655-56. (Emphasis supplied.)

The wife's reliance on *Kitson* is misplaced because, unlike the case at bar, there the wife had no job skills or employment experience and there were no substantial assets.

Affirmed. No costs to either party.