Argued February 25, affirmed March 29, reconsideration denied May 12, petition for review denied June 15, 1976

# In the Matter of the Dissolution of the Marriage of
## STEVENS, *Appellant,*
### *and*
## STEVENS, *Respondent.*
### (No. 404 987, CA 5083)
547 P2d 639

*Robert A. Leedy,* Portland, argued the cause and filed the brief for appellant. With him on the brief were I. Franklin Hunsaker and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

*William E. Hurley,* Portland, argued the cause and filed the brief for respondent. With him on the brief were Bernard, Hurley, Hodges & Kneeland, Portland.

Before Schwab, Chief Judge, and Foley and Lee, Judges.

LEE, J.

**LEE, J.**

In this dissolution case, appellant-wife contends that the trial court erred in failing (1) to award her a greater share of the property and (2) to allow her a larger attorney fee.

The respondent-husband is 50 years old and appellant-wife is 46. They were married 25 years. Four children were born of the marriage, three boys, ages 17, 20, and 22, and a girl, age 11. The boys spend the school year away from home and the girl lives with the wife. Provision has been made for the educational needs of the children by trusts established by their paternal grandmother.

The wife's health is good. She has a college degree but no significant work experience. The wife brought no substantial assets to the marriage.

The undisputed net worth of the assets of the parties is $1,515,195. The trial court awarded the wife monthly support as follows: $1,500 until she reaches age 62 (unless she remarries prior to that time); $200 for the daughter and $100 for the youngest son.

In making a division of property at dissolution, much depends on the facts of the individual case. *Phipps v. Phipps,* 20 Or App 229, 530 P2d 1269, Sup Ct *review denied* (1975). In *Johnson v. Johnson,* 245 Or 10, 15, 419 P2d 28 (1966), the Supreme Court said:

> "As this court has repeatedly and consistently held in making a distribution of the property of the marital community upon the dissolution of a marriage, each case rests on its own facts. No formula can be stated, nor percentage given, for all cases. Each case must be viewed independently, for a distribution which is just and proper in one case may not be just and proper in another. * * *"

We have considered each of the guidelines[1] set forth in *Nolan and Nolan,* 20 Or App 432, 532 P2d 35, Sup Ct *review denied* (1975), and ORS 107.105(1)(e).[2]

■ In our *de novo* review we find that the trial court awarded the wife a fair share of the assets. The trial court's division was as follows:

| Asset | Value | Less Encumbrance | Trial Court's Award |
|---|---|---|---|
| Home | $ 85,000 | $ 25,500 | wife |
| Household Goods | 20,000 | | wife |
| Cash | 7,000 | | wife |
| Sun River Condominium | 60,000 | 25,000 | wife |
| Green Hills Lot | 20,000 | 6,000 | wife |
| 5950 shs family stock in wife's name | 202,300 | | wife |
| 6000 shs family stock, in husband's name | $204,000 | | wife |

---

[1] " ' * * The financial condition of the parties: the nature and value of their respective properties: the contribution of each to any property held by them as tenants by the entirety: the duration of the marriage: the husband's income. his earning capacity, his age, health, and ability to labor: and the wife's age, health. station and ability to earn a living. * * *" *Stettler v. Stettler.* 2 Or App 119, 121, 467 P2d 130 (1970), quoting *Siebert v. Siebert,* 184 Or 496, 502, 503, 199 P2d 659 (1948)." *Nolan and Nolan,* 20 Or App 432, 532 P2d 35, Sup Ct *review denied* (1975).

[2] ORS 107.105(1)(e) provides:

"(1) Whenever the court grants a decree of annulment or dissolution of marriage or of separation, it has power further to decree as follows:

"(e) For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances."

| Asset | Value | Less Encumbrance | Trial Court's Award |
|---|---|---|---|
| Cash and E Bonds | 39,632 | | husband |
| Black Butte Condominium | 58,000 | $ 29,300 | husband |
| 24,858 shs family stock, in husband's name | 845,172 | | husband |
| Other stocks | 59,891 | | husband |
| | | | |
| TOTALS | $1,600,995 | $85,800 | |
| Net Value: | $1,515,195 | | |
| Net Value to Wife: | | $541,800 | |
| Net Value to Husband: | | $973,395 | |

Although the trial court did not distribute the assets in the instant case exactly equally, we believe that the distribution is nevertheless equitable for the following reasons:

*First,* we have given some weight to the fact that the husband has been the source of the assets. *Dietz and Dietz,* 19 Or App 334, 527 P2d 427 (1974), *reversed on other grounds,* 271 Or 445, 533 P2d 783 (1975).

*Second,* we note that the wife is receiving assets which total $541,800. This represents a secure financial base. It is not grossly disproportionate to the husband's share of $973,395.

*Third,* we note that the wife's financial position is substantially aided by the award of support in the amount of $1,500 per month.

■ Under the facts of this case we find no error in the decision of the trial court to make the wife responsible for her attorney's fees in excess of the $1,500 allowance.

Affirmed. No costs to either party.