Argued February 23, affirmed May 8, 1978

In the Matter of the Dissolution of the Marriage of
FLOWERS, *Respondent,*
*and*
FLOWERS, *Appellant.*
(No. D-9779, CA 9075)
577 P2d 1369

William K. Shepherd, Portland, argued the cause
for appellant. With him on the brief was Robert J.
Castagna, Portland.

Alex Christy, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson, Gillette and Roberts, Judges.

JOHNSON, J.

**JOHNSON, J.**

The wife appeals the dissolution of marriage decree, and in particular the division of property. The parties, both in their mid-forties, were originally married in May, 1967. That marriage was dissolved on May 3, 1973. The parties remarried nine months later. This suit for dissolution was commenced on September 22, 1976. There are no children. Both parties are employed. The husband earns approximately $16,000 a year, and the wife $15,000. The parties' principal assets are three parcels of real estate, on one of which the residence is located. The other two parcels were owned primarily for investment. The 1973 decree awarded the residence to the wife and the investment properties to the husband. The decree here awarded all the properties to the wife because she has demonstrated superior management skills. The husband was awarded a judgment lien against the wife's property in the amount of $14,400. Accepting the trial court's evaluations, the division of property left the wife with a net asset value of $33,286 and the husband with $12,500 after adjusting for assumed debts.

The wife's principal contention on appeal is that in view of the short duration of the second marriage the trial court should have treated the assets as separate property and restored the parties to a position that they would have been in if the marriage had not taken place. The wife specifically argues that the judgment lien should be reduced by $10,000 to account for the appreciated value of the residence as compared to the depreciated value of the investment properties and the fact that the husband brought more debts than she did into the second marriage. In *York and York,* 30 Or App 937, 939, 569 P2d 32 (1977), we said:

"Where the marriage is of short duration and neither party has foregone employment opportunities, the amount of each party's contribution to assets acquired during the marriage is a more important factor in formulating an equitable property division than it would

[ 213 ]

be after a long-term marriage where one spouse relinquished employment to care for the family. *Cf., Nolan and Nolan,* 20 Or App 432, 532 P2d 35 *rev den* (1975). While both parties should share in the increase in value of marital assets, *the general approach* in dividing property after a short-term marriage is to place the parties as nearly as possible in the financial position they would have held if no marriage had taken place. *Cf., Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974). *McQueen and McQueen,* 30 Or App 165, 566 P2d 208 (1977)." (Emphasis supplied.)

The principles stated in *York* are a "general approach" applicable to most cases where the marriage is of short duration. However, the rule of law is the division shall "be just and proper *in all the circumstances.*" ORS 107.105(1)(e). (Emphasis supplied.) There are circumstances here which make this case the exception. The parties were married and living together over nine of the past ten years. The acquired properties were mutual marital investments in which both parties intended to share the risk of profit or loss. During the first and second marriages the parties continued to jointly invest their earnings and efforts in the properties. Most of the appreciation in the residential property occurred at times when the parties were married. The fact that there was a brief hiatus in their marital relationship did not substantially change their position as to these properties.

The wife also contends the trial court should have given consideration to the husband's greater future earning capacity. Considering all the circumstances, we are satisfied that a decree awarding the wife 72% of the marital estate was equitable.

Affirmed. No costs to either party.