Argued March 22, affirmed June 13, 1978

In the Matter of the Dissolution of the Marriage of
GRIFFIN, *Respondent, Cross-Appellant,*
*and*
GRIFFIN, *Appellant, Cross-Respondent.*
(No. 75-627 E, CA 9152)
579 P2d 885

Richard J. Smith, Klamath Falls, argued the cause and filed the brief for appellant, cross-respondent.

W. H. Ferguson, Medford, argued the cause for respondent, cross-appellant. With him on the brief was Grant, Ferguson & Carter, Medford.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Husband and wife both appeal the property division portions of a decree of dissolution. Husband asserts that he received an inequitable division while wife, in her cross-appeal, asserts he received too much.

The parties were married in 1972 and separated three years later. No children were born to the parties. The wife provides the support for four minor children by a prior marriage.

Husband brought very few assets to the marriage. They consisted of his personal items and a one-half interest in a small parcel of real property improved by a small house and a smaller cabin. At the time of trial his one-half interest was valued at approximately $6,000.

Wife's former husband was killed in an airplane accident. They had owned a large ranch which the wife sold on contract for $180,000 following his death. The down payment on the contract was used to pay prior debts and estate taxes. The wife receives an $18,000 annual payment on the contract. Of this amount $6,000 is deposited in a trust account for the four children and the remaining $12,000 is utilized by the wife for living expenses. In addition to the contract of sale the wife brought into the present marriage $54,000 received from an inheritance through her former husband and $13,000 in settlement of a wrongful death claim resulting from her former husband's death.

In 1973 the parties purchased a 48 acre farm and residence. The down payment of $5,000 was provided from the wife's funds and the balance of the purchase price was paid by a veteran's loan based on the husband's military service. In addition the wife used her funds to pay a second mortgage of $4,100 on the property. The monthly payments on the loan were made in part from the wife's funds and in part from the husband's income. Wife used her funds to purchase

farm machinery, furniture and improvements on the house.

Husband worked as a truck driver earning an approximate net salary of $1,000 per month during the first few months of the marriage. He suffered a heart attack and during most of the marriage was unable to work. It is questionable whether he will ever be able to return to work. During his disability he receives Social Security disability payments. Wife has worked as a teacher's aide since 1974 earning a net income of $280 per month.

Husband was awarded his one-half interest in the real property he brought to the marriage, a gun collection valued at $1,000, a pickup with a $2,000 equity and a noninterest bearing lien for $7,500 on the marital farm and residence.

The wife was awarded the remaining assets of the parties including the family farm and residence in which the parties had a $30,000 equity. She was required to pay the debts of the parties with the exception of a loan from husband's credit union.

In addition to their income from employment and from husband's disability payments the parties spent approximately $67,000 of the wife's funds for living expenses, entertainment, equipment and improvements on their home. Although they had large sums of money at their disposal they incurred substantial debts. The marriage has been a financial disaster to the wife. Of the assets she brought into the marriage only the contract for sale of the ranch she and her former husband owned remains.

Husband contends he should have been awarded a $15,000 lien against the family home which would represent one-half of the equity. He also argues the lien should bear interest at six percent until paid. Wife argues, since theirs was a short term marriage, the parties should be restored to their financial status quo

at the time of the marriage and husband should not receive any portion of the equity in the family home.

■ ■ In a marriage of short duration we have held the property of the parties should be distributed on a basis roughly proportionate to the parties' contributions. *See Nolan and Nolan,* 20 Or App 432, 532 P2d 35, *rev den* (1975). Following that premise the husband should not receive any portion of the equity. However, approximately one-half of the equity is due to the general appreciation in the real estate market. The other half resulted principally from the payments made on the residence. The husband's income from employment and disability payments were in part used for the loan payments, which loan was obtained based on his veteran's entitlement. The distribution by the court recognized the wife's greater contributions and the husband's contributions as well. In addition the husband is unable to work, resulting from a disability incurred during the marriage. As indicated in *Nolan and Nolan, supra,* this is a proper consideration even in a short term marriage. We concur in the property distribution.

■ Husband argues the lien of $7,500, payable within two years, should bear interest. He cites *McCoy and McCoy,* 28 Or App 919, 562 P2d 207, 29 Or App 287, 563 P2d 738 (1977). In *McCoy* we stated that it makes practical sense to impose interest on a $50,000 judgment payable in ten years. We recognized, however, it may be in some instances inequitable to impose interest; for example, where the obligor does not have the ability to make prompt payment. In this case the assets held by the wife are all nonliquid. The cash she brought into the marriage has all been spent. In order to discharge the lien she will have to accumulate the funds from her income or the payments on the land sale contract, sell some of her assets or borrow the necessary amount. She does not, as in *McCoy and McCoy, supra,* have the ability to withhold the funds until the due date and use them for her own purposes.

Imposing interest on the lien would merely be increasing her obligation without any corresponding benefit. Taking those factors into consideration with the fact that this is a short term lien, we find it would be inequitable to impose interest.

Affirmed. No costs to either party.