In the Matter of the Marriage of
DANIELSON,
*Appellant,*
*and*
DANIELSON,
*Respondent.*

(No. D7902-61170, CA 15714)

607 P2d 226

Ira L. Gottlieb, Portland, argued the cause and filed the brief for appellant.

Alonzo P. Stiner, Portland, argued the cause for respondent. On the brief was David N. Hobson, Portland.

Before Schwab, Chief Judge, and Thornton and Campbell, Judges.

[47]

CAMPBELL, J.

## CAMPBELL, J.

The husband has appealed from the decree of dissolution which awarded the wife certain residential property. We modify.

The husband is 37 and the wife is 28 years of age. The wife has custody of her two children from a prior marriage. She receives no child support.

In February 1977, the parties began to live together in the wife's apartment. The husband sold a house which he owned on N. E. 41st Street in Portland. Another house was purchased in the husband's name on S. W. Stanley Court for the sum of $56,000. The husband furnished the down payment in the amount of $3,000 and was the sole obligor on the $53,000 bank mortgage. The wife's only financial connection with the purchase of the Stanley Court house was that she wrote a letter to the mortgagee bank stating that she intended to contribute $300 per month to the mortgage payments. The parties moved into the house in June 1977. The wife continued to work, but did not make any payments on the bank mortgage. She did contribute to the general household expenses.

In April 1978, the wife and her children moved out of the Stanley Court house. The parties continued to see each other and took their vacations together. Weddings planned for both September and November were cancelled. The wife announced on December 2nd that she planned to marry another man. However, on December 4, 1978, the parties were married, and the wife and her children moved back into the Stanley Court house.

The marriage lasted until February 20, 1979, when the petition for dissolution was filed. At the time of trial the husband had net monthly earnings of $1,540 and the wife had net monthly earnings of $816. The market value of the Stanley Court house had increased to $85,000, making the owner's equity

$32,000.[1] The husband had other assets worth in excess of $100,000. The wife brought into the marriage a 1965 Valiant automobile and $2,500 worth of furniture.

The trial court awarded the husband all of the property which he brought into the marriage except the house on S. W. Stanley Court and the furniture and building supplies located thereon. The wife was awarded that property and was required to assume the bank mortgage. The husband was awarded a $6,000 lien without interest on the property payable at the rate of $1,000 per year.

In reaching this conclusion the trial court said:

"* * *It simply is not feasible to try, I don't believe, to divide between the parties with any precision the increase in the value of these assets that have occurred during the relationship of the parties primarily through inflation or decrease in the value of the dollar.

"The factors that I am influenced by is the fact that there is a disparity in the earning capacity between the parties and a difference in personal responsibilities and that the Respondent does have two young children that are her exclusive responsibility, but they bear on her own situation and her earnings are substantially less than the Petitioner's."

The parties lived together prior to their marriage from February 1977 to April 1978. They lived together as man and wife from December 1978 to February 1979. Assuming for the sake of argument that the two periods should be added together, there is a relationship of less than two years duration.

In *York and York*, 30 Or App 937, 939, 569 P2d 32 (1977), which involved the dissolution of a two-year marriage, this court said:

"Where the marriage is of short duration and neither party has foregone employment opportunities, the amount of each party's contribution to

---

[1] The increase in market value was due largely to inflation, but the husband had paid the principal payments on the mortgage for two years and had expended $2,500 for materials to improve the property.

assets acquired during the marriage is a more important factor in formulating an equitable property division than it would be after a long-term marriage where one spouse relinquished employment to care for the family. *Cf., Nolan and Nolan,* 20 Or App 432, 532 P2d 35 *rev den* (1975). While both parties should share in the increase in value of marital assets, the general approach in dividing property after a short-term marriage is to place the parties as nearly as possible in the financial position they would have held if no marriage had taken place. *Cf., Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974). *McQueen and McQueen,* 30 Or App 165, 566 P2d 208 (1977)."[2]

We hold that under the particular circumstances of this case, the decree should be modified to award the husband the residence at S. W. Stanley Court together with the building supplies located thereon. The wife will be awarded the furniture which she brought into the marriage. The husband will be awarded all other furniture.

The wife will be awarded a judgment against the husband for the sum of $5,000 to bear interest at the rate of nine percent per annum. Said judgment shall be paid in annual instalments of not less than $2,000. The first instalment plus interest shall be payable on or before January 10, 1981, and a like payment on the 10th of each January thereafter until the principal and interest is paid in full.

The lien in favor of the husband in the amount of $6,000 is deleted from the decree. In all other respects the decree is affirmed.

Affirmed as modified. No costs to either party.

---

[2] The wife has argued: "In the case at bar, the wife did not forego employment opportunities but did forego the chance to marry someone else * * *." We cannot speculate that the wife's marriage to a third person would have reached a better result.