Argued and submitted March 23,
affirmed as modified July 13, 1981

In the Matter of the Marriage of

MAXWELL,
*Appellant,*
*and*
MAXWELL,
*Respondent.*

(No. D7904-63161, CA 19070)

631 P2d 355

Mark McCulloch, Portland, argued the cause for appellant. With him on the brief was Powers & McCulloch, Portland.

James W. Walker, Portland, argued the cause and filed the brief for respondent.

Before Gillette, Presiding Judge, and Roberts, and Young, Judges.

YOUNG, J.

## YOUNG, J.

Wife appeals from a decree of dissolution; she challenges the property division. The parties were married six and one-half years at the time of separation. They have no children, but wife has custody of two children from a previous marriage. Wife, age 36, has a master's degree in social work and is employed by the State of Oregon, Children's Services Division. Her present annual income is $19,320; she takes home $1,036 per month and also receives $150 monthly child support. Husband has his own architectural design firm. His income apparently fluctuates. It was $27,000 one recent year, but it now appears to be comparable to wife's income.

Three items of real property constitute the bulk of the marital estate: (1) the family residence, a 14 room home — $69,000 equity; (2) an apartment building — $120,000 equity; and (3) a rental house — $24,000 equity. The equities total $213,000. The residence was completely furnished, partially with antiques. Husband brought the investment property into the marriage; at that time there was a total equity of approximately $74,000. Equity appreciation in all the property during marriage was roughly $139,000, so far as we can determine from the meager record.

It appears that both parties contributed to their mutual expenses, but otherwise they kept their financial affairs separate. Wife testified that she paid for the household expenses, including hiring a housekeeper. During the first two years of their marriage the parties lived in an apartment complex owned in part by husband. They moved. Wife testified that she paid the rent for the next two years. Since that time, husband has made the mortgage payments on the two houses they have owned, including $883 per month on the last residence. The second home was purchased in 1978, using money received from the sale of their previous residence as a down payment. Husband made the mortgage payments during 14 months of separation when wife and her children were the sole occupants.

Husband testified that he also contributed to the household expenses, but wife disagrees. Husband received

the rent from the investment properties and paid all mortgage installments. After the parties separated, husband entered the home while wife was away and gathered up 50 to 75 percent of the furniture. It appears he took most of the more expensive items.

At trial wife requested ownership of the house, $10,000 to replenish her savings account and to compensate her for relinquishing claim to furniture which husband had taken, and attorneys fees. She sought no interest in the investment property. The court awarded her the house and the personal property in her possession but nothing else. The husband argued that one half of the equity in the house would fairly compensate wife for her financial contribution to the marriage. He also argued that she should not receive anything for the increased value of the investment properties, because he brought those assets into the marriage and made all of the mortgage payments. The trial court awarded husband the investment property and a $15,000 judgment, payable on sale of the house or within one year, whichever first occurs, plus the personal property in his possession.

In *Hardenburger and Hardenburger,* 18 Or App 267, 270, 525 P2d 179, *rev den* (1974), we said:

> "The mere fact that one spouse brings to a marriage greater assets than the other does not itself upon dissolution entitle that spouse to the return in effect of such assets before the remaining property is divided. *Vetter and Vetter,* 16 Or App 634, 520 P2d 364 (1974). While it may be a factor to be considered along with many others in determining what 'division or other disposition between the parties of the real or personal property, or both of either or both of the parties as may be just and proper in all the circumstances.' ORS 107.105(1)(e), that is all it is." *See also, Phipps and Phipps,* 20 Or App 229, 530 P2d 1269, *rev den* (1975).

Wife's request for ownership of the home free and clear of any interest of husband obviously indicates some claim on her part to the increased equity in the investment properties. We have allowed a party an interest in the increased equity in improved real property based on that party's contribution to acquisition or retention of the asset. *See Gerlitz and Gerlitz,* 50 Or App 443, 623 P2d 1088

(1981); *Sagner and Sagner,* 49 Or App 215, 619 P2d 660, *rev den* (1981), and *Griffin and Griffin,* 34 or App 765, 579 P2d 885 (1978). The wife's financial contributions here have allowed the parties to maintain their standard of living *and,* at the same time, retain their investments. For that reason, and because we do not believe the trial court's award adequately compensates wife for the personal property taken by husband, we modify the decree to award wife the residence as her separate property. The $15,000 judgment in favor of husband is deleted. The decree in all other respects is affirmed.

Affirmed as modified.