Argued and submitted December 12, 1986, affirmed as modified August 5, 1987

# In the Matter of the Marriage of

## FRANK,
*Appellant,*
*and*

## FRANK,
*Respondent.*

### (36864; CA A38913)

740 P2d 240

Lynn F. Jarvis, Bend, argued the cause for appellant. With her on the brief was Gray, Fancher, Holmes, Hurley & Bischof, Bend.

Ronald L. Bryant, Redmond, argued the cause for respondent. With him on the brief was Bryant, Fitch & Filer, Redmond.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Wife appeals from a dissolution judgment. She assigns as errors that the court did not divide the property equitably, award *pendente lite* child support or allow her to recover certain post-separation expenses. We modify the judgment and affirm as modified.

Husband, age 39, and wife, age 41, were married for six years. When they married, wife owned two triplexes, a one-half interest in a residence which she had owned with her previous husband and $13,000 in savings. Husband owned $2,500 in stock and personal property worth $1,500.[1] After their marriage, the parties borrowed $18,000 and purchased wife's former husband's half interest in the residence. They lived in the residence and made improvements to it and to the triplexes. Later, they sold all of the parcels, netting a total of $91,000 on the sales.

Both parties worked during the marriage. Husband's annual earnings averaged approximately $31,000, and wife's annual earnings averaged approximately $11,000. They maintained a joint bank account. With a third person, they formed a partnership which bought and sold several parcels of real property. Wife contributed their initial investment in the partnership of $20,000. When the partnership terminated, they divided with their partner a 25-acre unimproved parcel of land that the partnership had acquired and retained 10 acres. After the partnership terminated, wife contributed another $20,000 to pay off the encumbrance on that property.

The parties built a new residence on the 10-acre parcel. Husband cleared the land and did most of the landscaping. They financed the construction of the residence with some of the proceeds of the sale of their former residence, an interim loan and, later, a $60,000 VA loan that husband obtained. The total value of the marital residence is $175,000 and their equity in it is $101,000. At the time of dissolution, they owned personal property valued at $65,000.[2] The court awarded husband the personal property in his possession at dissolution,

---

[1] The record also indicates that husband owned a vehicle when the parties married but does not indicate its value.

[2] We accept husband's valuation of the personal property.

valued at $16,000, and awarded wife the balance of the personal property. The parties do not dispute the division of personal property. The judgment also provided for sale of the residence and equal division of the proceeds, after payment of the mortgage and costs of sale.

Wife contends that the court erred in awarding husband one-half of the equity in the residence. She argues that, because the marriage was of only six years' duration, each party should receive the value of what he or she contributed to the marriage plus one-half of the appreciation in the marital estate during the marriage. She asserts that she contributed property worth $104,000 and that husband contributed only $4,000.

In *York and York,* 30 Or App 937, 569 P2d 32 (1977), we stated:

> "Where the marriage is of short duration and neither party has foregone employment opportunities, the amount of each party's contribution to assets acquired during the marriage is a more important factor in formulating an equitable property division than it would be after a long-term marriage where one spouse relinquished employment to care for the family. *Cf. Nolan and Nolan,* 20 Or App 432, 532 P2d 35 *rev den* (1975). While both parties should share in the increase in value of marital assets, the general approach in dividing property after a short-term marriage is to place the parties as nearly as possible in the financial position they would have held if no marriage had taken place. *Cf. Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974). *McQueen and McQueen,* 30 Or App 165, 566 P2d 208 (1977)." 30 Or App at 939.

As we noted in *Olinger and Olinger,* 75 Or App 351, 707 P2d 64, *rev den* 300 Or 367 (1985), however, we have been reluctant to characterize as "short-term" a marriage that exceeds five years' duration. Moreover, in making an equitable property distribution, the extent to which the financial affairs of the parties have been commingled, rather than the length of the marriage, is the most important factor in determining the significance of each party's contribution to the marital estate at the time of the marriage. *Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982); *see also Seefeld and Seefeld,* 294 Or 345, 657 P2d 201 (1982); *Olinger and Olinger, supra.*

Here, the parties commingled their financial affairs.

They both contributed labor and funds to improve the real property that wife brought to the marriage. They jointly borrowed $18,000 to purchase her previous husband's interest in the first residence. Although wife bases the value of the real property that she contributed on the net proceeds of $91,000 from their sale, the proceeds also reflect a substantial contribution by husband. Moreover, wife did not attempt to segregate the proceeds. The parties commingled them with other funds and invested in real property, including the 10-acre parcel on which they built their second residence. Husband made substantial contributions of labor and financing to its construction. The parties paid mortgage payments and other property expenses out of their joint bank account. On this record, it is not possible to trace precisely the source of funds used to acquire and improve the marital residence. Accordingly, wife has not rebutted the presumption of equal contribution to the acquisition and increase in value of the marital residence. *See* ORS 107.105(1)(f); *Olinger and Olinger, supra.*

■■ Although the statutory presumption applies, husband is entitled to an equal share in the value of the marital residence only if that division is "just and proper in all the circumstances." *Jenks and Jenks, supra,* 294 Or at 242. In making that determination, it is proper to consider whether wife can be economically self-sufficient. *See Pierson and Pierson,* 294 Or 117, 653 P2d 1258 (1982); *see also Seefeld and Seefeld, supra.* We agree with wife that the property division is inequitable. Her average earnings are substantially less than husband's.[3] Although husband is to pay $250 per month for support of the parties' child, wife also has custody of two children from previous marriages. Husband's income should allow him to be economically self-sufficient, but wife needs to receive a greater share of the property if she is also to attain that goal. Although she has received a greater share of the personal property, very little of it consists of available income producing assets.[4] Considering all of the circumstances, we

---

[3] In 1982, wife, a real estate broker, netted only $7,000 in income. She testified, however, that 1982 "was probably my worst year in real estate," due to the economic conditions in the real estate market and her inability to work because of health problems. In 1984, her income was approximately $17,000. The record does not indicate her income in each of the other years, although it does show that she earned a total of $68,000 over the six-year period that the parties were married.

[4] The only substantial income producing asset that wife received is her IRA account, valued at $8,500, but neither the income nor the principal can be withdrawn before retirement without a substantial penalty.

hold that wife should receive two-thirds of the net proceeds from the marital residence.

Because wife did not seek a *pendente lite* order for child support, ORS 107.095(1)(b), the court did not err in failing to award it. The court also did not err when it rejected her request for reimbursement of expenses of $3,800, which she paid after the separation for installation of irrigation equipment to protect the parties' water rights. *See* ORS 107.105(1)(f).

Judgment modified to award wife two-thirds of the net proceeds from the sale of the marital residence; otherwise affirmed.