Argued August 22, affirmed as modified September 12, 1977

# In the Matter of the Dissolution of the Marriage of
## YORK, *Respondent,*
### *and*
## YORK, *Appellant.*
### (No. 37259, CA 7629)
569 P2d 32

Tim Armbruster, Newport, argued the cause and filed the brief for appellant. Kurt Carstens, Newport, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

[ 937 ]

TANZER, J.

## TANZER, J.

This is an appeal from the property division provisions of a decree dissolving a two-year marriage. Most of the assets of the marriage were brought to it by the husband, who was also the principal wage earner. During the marriage, there was no substantial growth in the value of the marital estate. The funds for the purchase of the family home came from the sale of certain property which the husband had brought to the marriage. The equity in that home is now the principal asset of the parties. The husband received slightly over half the value of all the marital assets, but the wife was awarded the major portion of the assets acquired during the marriage, including the entire equity in the home. Husband wants half of that equity. The equity is worth about $17,000.

Where the marriage is of short duration and neither party has foregone employment opportunities, the amount of each party's contribution to assets acquired during the marriage is a more important factor in formulating an equitable property division than it would be after a long-term marriage where one spouse relinquished employment to care for the family. *Cf., Nolan and Nolan,* 20 Or App 432, 532 P2d 35 *rev den* (1975). While both parties should share in the increase in value of marital assets, the general approach in dividing property after a short-term marriage is to place the parties as nearly as possible in the financial position they would have held if no marriage had taken place. *Cf., Wirthlin and Wirthlin,* 19 Or App 256, 527 P2d 147 (1974). *McQueen and McQueen,* 30 Or App 165, 566 P2d 208 (1977).

The award of the residence to the wife in this case was far out of balance with the relative contributions of the parties to the marital estate. We therefore modify the decree to award the husband a judgment of $8,500, without interest, secured by a lien on the house, to be paid by the wife within six months of the entry of the new decree. This gives the husband half

the equity in the residence while allowing the wife to sell the home or retain it for her own use.

Affirmed as modified. No costs to either party.