Argued and submitted October 15,
affirmed as modified December 22, 1980

## In the Matter of the Marriage of

### MILLER,
*Appellant,*
*and*
### MILLER,
*Respondent.*

(No. D-14-694, CA 17261)

620 P2d 984

Leslie M. Roberts, Portland, argued the cause for appellant. With her on the brief was Kell, Alterman & Runstein, Portland.

L. M. Giovanini, Beaverton, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Warden and Warren, Judges.

WARDEN, J.

## WARDEN, J.

Husband appeals the property division provision of the decree dissolving the parties' brief marriage by which wife was awarded *inter alia* a judgment against husband in the amount of $23,500, with interest at eight percent per annum, representing one-half of the equity in the parties' residence.

Husband was 79 and wife was 67 at the time of trial. This was the fifth marriage for both parties and each party came to this marriage with substantial assets. Approximately six months after the marriage husband filed for dissolution. Prior to the marriage the parties entered into a prenuptial agreement by which the parties agreed that each would retain his or her separate property free of claims of the other.[1] Nevertheless, husband subsequently transferred an interest in his home of 12 years to wife, the parties holding the property as tenants by the entirety.

Except as to the parties' above mentioned residence, the trial court distributed the parties' assets according to their ownership prior to the marriage. As to the residence the trial court stated in its letter opinion:

" * * * There is, of course, a dispute as to the validity of the antenuptial agreement and the deed conveying one-half of the realty from [husband] to [wife]. The conflict regarding the dates of execution is resolved adversely to [husband] and it is the court's considered opinion that the antenuptial agreement is subordinate to the deed. Accordingly, [wife] is awarded a judgment against [husband] in the amount of $23,500, to bear interest at 8% per annum * * * ."

The trial court in granting a decree of dissolution has power to divide the real property of either or both of the parties as may be best and proper in all the circumstances. ORS 107.105(1)(e). This court has that power on appeal. ORS 19.125(3).

■■ When there is a marriage of short duration, the general approach to dividing assets upon dissolution is to

---

[1] Although the parties entered into this prenuptial agreement and it was introduced into evidence at the trial, neither party relied on it as a binding contract controlling the division of the assets. Husband, in his argument, merely regards the prenuptial agreement as a persuasive indication that the parties should be returned to the financial position they would have held if no marriage had taken place.

place the parties in the financial position they would have held if no marriage had taken place. *York and York,* 30 Or App 937, 569 P2d 32 (1977). On this record we conclude that the trial court's award of property is fair and equitable under all of the circumstances except as to the judgment against husband. We agree with husband that, applying *York,* the parties should be returned to their financial position prior to marriage. Therefore, husband is awarded the home that he brought to the marriage.

Affirmed as modified; costs to appellant.