In the Matter of the Marriage of

**GERLITZ,**
*Appellant,*
*and*
**GERLITZ,**
*Respondent.*

(No. 79-4-442, CA 17623)

623 P2d 1088

Mark McCulloch, Portland, argued the cause for appellant. With him on the brief was Powers & McCulloch, Portland.

Nancy S. Tauman, Oregon City, argued the cause for respondent. With her on the brief were John C. Caldwell and Hibbard, Caldwell, Canning, Bowerman & Schultz, Oregon City.

444

Before Schwab,* Chief Judge, and Richardson and Buttler, Judges.

RICHARDSON, J.

---

*Thornton, J., *vice* Schwab, C.J., retired.

## RICHARDSON, J.

Husband appeals a decree of dissolution, contending the property division was inequitable. His principal contention is that the family residence owned by wife before the marriage and certain other property inherited by wife should be considered as assets of the marriage and he should receive a share of these assets. We conclude the decree should be modified.

The parties were married in December, 1973, although they had lived together for approximately nine months prior to their marriage. Wife was previously married, and as a result of the dissolution of that marriage she received the residence in which she and husband resided. Husband brought an automobile and some furniture to the marriage.

At the time the residence was purchased, which was just a few months before the parties were married, it was valued at $25,000. It had been purchased with a small down payment and the mortgage almost equaled the value of the residence. At the time of the trial the residence was valued at $76,000 and the outstanding mortgage had a principal balance of $23,450.

Husband worked during the marriage. Wife worked part time and received additional income in the form of child support from her former husband and gifts from her parents. Although there is a conflict in the evidence, it appears both parties brought in approximately equal amounts of money and contributed equally to the family expenses.

The parties separated in March, 1979. Subsequent to the separation, wife inherited property valued at approximately $36,250. There were no children born of this marriage.

Wife was awarded an automobile, furniture, jewelry, the family residence and the property she inherited. The approximate value of the property wife received was $100,000. Husband was given two automobiles and a cash award of $650. The total value of his distribution was $4,150. The $650 award to husband represented the amount he had paid on the residence mortgage.

The trial court applied the analysis set forth in *York and York,* 30 Or App 937, 569 P2d 32 (1977), and distributed the property in a manner which returned "the parties as nearly as possible [to] the financial position they would have held if no marriage had taken place." 30 Or App at 939. *York* involved a two-year marriage, and we noted there had been no substantial growth in the value of the assets during the marriage. In addition, the husband had been the principal wage earner and had brought most of the assets to the marriage. We modified the decree to award husband one-half of the equity in the family home.

■ There are factors in this case which make a literal application of the *York* principle inequitable. The parties were married for approximately six years. While this is a relatively short term marriage, it is not so short that equity requires the parties to be placed in a financial position they would have enjoyed but for the marriage. Had they not married, husband would have had an opportunity during those six years to acquire a residence that would have increased in value. During the term of the marriage, husband expended money and labor in maintenance of the residence, which contributed in some measure to its increase in value. Wife argues that husband expended only $650 of his income toward the purchase of the house. This argument is overly simplistic. Husband contributed his income to family living expenses. Had he not done so, wife would have had to pay those expenses and might have been unable to make the mortgage payments. They contributed equally to the total family expenses, which included the mortgage payments.

We conclude husband is entitled to share in the net appreciation of the family residence that occurred during the marriage. *See Sagner and Sagner,* 49 Or App 215, 619 P2d 660, (1980), *rev den* 290 Or 302 (1981). Although wife brought the house into the marriage, her net equity was minimal. During the marriage the house increased in value and the parties had a net equity of approximately $52,550. Thus, the total net equity in the residence was acquired during the marriage. We conclude wife should be credited with the $2,500 down payment made on the house and the parties should share equally in the balance of approximately $50,000. Accordingly, the decree is modified to award

husband, in lieu of the $650 cash award, a judgment for $25,000, which is to bear interest at the statutory rate and shall be paid within five years. The judgment shall be secured by a lien on the residence.

■ Regarding the property inherited by wife, we affirm the distribution set forth in the decree.

Affirmed as modified. No costs to either party.