Argued and submitted June 14, affirmed as modified October 27, 1982

In the Matter of the Marriage of

CARD,

*Respondent - Cross-Appellant,*
*and*

CARD,

*Appellant.*

(No. D-17-223, CA A22637)

652 P2d 866

John B. Lewis, Hillsboro, argued the cause for appellant. On the brief were Ronald C. Holloway, and Frost, Hall, Holloway & Lewis, Hillsboro.

Wayne C. Rapp, Hillsboro, argued the cause for respondent - cross-appellant. With him on the brief was Wayne C. Rapp & Associates, Hillsboro.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Husband appeals from a decree dissolving a three-year marriage. He contends that the property division was inequitable, because it awarded wife 57 percent of the value of the marital residence and was based on the respective life expectancies of the parties. Wife cross-appeals. She contends that she should have been awarded.a larger judgment lien against the marital home to offset the disproportionate share of personal property awarded husband and, further, that the valuation of the real property should have been made as of the date of dissolution, rather than the earlier date when husband deeded a one-half interest in the property to her.

At the time of the marriage, husband was employed by the Beaverton Police Department. He earned about $21,000 a year. He had recently sustained an on-the-job injury, which he believes will prevent him from returning to the department. At the time of the marriage, wife was employed at the Washington County Sheriff's Department, where she earned about $9,500 a year. Except for a brief period, she worked throughout the marriage. At the time of the dissolution hearing, wife was employed by the Washington County Unified Sewer Agency, earning about $9,500 a year. Wife's daughter from a previous marriage lived with the parties, as did husband's son from a previous marriage for approximately two years.

The decree distributed the parties' assets according to their ownership before the marriage, except for the marital home. Husband brought the home to the marriage, subject to a $1,300 mortgage that was satisfied before the decree. Husband valued the home at the time of the marriage at $35,000 and at the time of the decree at $43,800.

In 1978, husband conveyed an undivided one-half interest in the home to wife. The trial court awarded husband the home, subject to a judgment lien in wife's favor for $20,535, payable within one year from the date of the decree. The court arrived at that amount by determining the value of the home at the time of the 1978 conveyance to wife ($36,000) and apportioning that amount between the parties based on their respective life expectancies.

Husband contends that the judgment in favor of wife is inequitable, because the marriage was of short duration and because he brought substantially more assets to the marriage than did wife. He argues that he intended to give wife a joint tenancy in the property only so long as the marriage continued and that, at most, wife should receive no more than an amount equal to one-half the mortgage payments made after the parties married and before the final payoff payment in June, 1978.[1] He also argues that the court erred in apportioning the real property based on the life expectancies of the parties.

■　In short term marriages, when neither party has foregone employment opportunities, each party's contribution of assets is an important factor in formulating a property division. *York and York,* 30 Or App 937, 939, 569 P2d 32 (1977); *Nolan and Nolan,* 20 Or App 432, 435-36, 532 P2d 35, *rev den* (1975). In that setting, the goal is to place the parties in the financial positions they would have had if no marriage had occurred. *York and York, supra,* 30 Or App at 939.

■　Except as to the marital home, the trial court made a fair and equitable distribution of the property. As to the residence, however, the award to wife of more than 50 percent of the value of the home at the time of the conveyance is substantially disproportionate to the parties' respective marital contributions. In *Miller and Miller,* 49 Or App 977, 620 P2d 984 (1980), husband had deeded an interest in his home of twelve years to wife during their six-month marriage. We reversed the judgment awarded wife based on the deed and, applying *York,* returned the parties to their financial *status quo* before the marriage, awarding husband the home he brought to the marriage.

We conclude that the parties here should also be returned to the financial position they would have had but for the marriage, notwithstanding the transfer to wife of a one-half interest in the home. Wife should, however, share in the increase in value of the home during the marriage. We therefore modify the decree to award wife a judgment

---

[1] Husband testified that he deeded the property to wife to ease her insecurity about the marriage, to assure her a place to live in the event of his death and as protection against civil liability arising out of an employment related incident.

for $4,400 only, secured by a lien on the house, payable within one year of the entry of the modified decree.

Decree modified to reduce wife's judgment against husband from $20,535 to $4,400; affirmed as modified. No costs to either party.