Submitted on record and briefs March 28, affirmed as modified July 6, 1983

In the Matter of the Marriage of

PALMERTON,
*Appellant,*

*and*

PALMERTON,
*Respondent.*

(80-0039-NJ-1; CA A25720)

666 P2d 285

Jerry E. Gastineau, Medford, filed the brief for appellant.

Herbert A. Putney, and Putney & Schiveley, P.C., Medford, filed the brief for respondent.

Before Richardson, Presiding Judge, Joseph, Chief Judge, and Newman, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Wife appeals a decree of dissolution entered on remand following wife's earlier appeal. 56 Or App 105, 641 P2d 81 (1982). She contends that the court erred in not dividing the marital property equally, in failing to award spousal support and in not disqualifying itself from hearing the case on remand.

The facts developed at the first trial are adequately related in our prior opinion. In that opinion we noted that there was a mention of husband's Teamster pension rights but no evidence developed as to the value of the pension or husband's entitlement upon retirement. We also expressed concern as to the adequacy of the court's explanation for not awarding spousal support to wife. We did not intend our earlier opinion to be a criticism of the trial court or to adopt a general rule that trial courts should develop evidence for the parties. In the light of the fact that pension rights have recently become an important consideration in dissolution proceedings, we felt a limited inquiry as to whether the parties wished to address that issue would be appropriate.

On remand, the trial court limited the presentation of evidence to the valuation and status of husband's Teamster pension funds. Wife requested the opportunity to present evidence regarding her current employment status and the condition of her health. The court declined her request, and she made an offer of proof. She contends that the evidence should be considered by this court in reviewing the decree. The basis of our remand was specific and limited to developing evidence regarding the pension plans of the parties. We did not remand for retrial of issues that the parties had developed at the first trial. The evidence wife sought to present related to changes that had occurred subsequent to the first trial. We decline to consider the evidence presented in the offer of proof.

On remand, the evidence regarding husband's Teamster pension plan showed that it was an employer contribution plan and that husband made no contributions. Husband had entered the plan in 1965.[1] He had a vested right to benefits at

---

[1] The record in the initial appeal indicated that husband came under the plan in 1946. That was obviously an error of transcription. The record on remand indicates that the pension rights are less extensive than the record of the first trial implied.

the time of trial and would receive $178 per month if he were to retire at age 65. He was entitled to retire at age 55 with reduced monthly benefits. Husband is presently 57 years of age. The parties did not present evidence about any other pension plans.

Our former opinion did not affirm or modify the decree; we remanded for additional evidence and issuance of a new decree. It is now appropriate to address wife's contentions regarding the decree.

Wife contends that the property division is inequitable, because she received less than one-half of the distributable property. The following chart shows the property division in the decree:

TO WIFE:

| | |
|---|---|
| Personal property | $ 2,995 |
| Less debt paid by wife | (350) |
| Judgment to wife | 10,000 |
| Net | $12,645 |

TO HUSBAND:

| | |
|---|---|
| Personal property | $14,860 |
| Equity in real property | 25,365 |
| Less debt owed | (500) |
| Less judgment to wife | (10,000) |
| Net | $29,725 |

In addition, the court awarded husband his Teamster pension plan.

The trial court found that husband brought approximaely $23,000 to the marriage and received approximately $6,000 worth of bank stock as a gift from his parents. Husband's parents also gave both parties $4,700, which they used to improve their residence. Wife brought approximately $1,000 to the marriage. The trial court determined that this 12 and one-half year marriage was not of substantial duration and concluded that

> "* * * an approach somewhere between dividing the assets between the parties and restoring each of the parties to the position they occupied before the marriage was the appropriate one. * * *"

The court gave considerable weight in its distribution formulation to *the source of the divisible assets.*

In *Jenks and Jenks,* 294 Or 236, 656 P2d 286 (1982), the court, in discussing the length of the marriage as a factor in property distribution, said:

> "If the marriage is terminated before the parties' financial affairs become commingled or committed to the needs of children to the point that the parties cannot readily be restored to their pre-marital situation, then property division is a relatively simple task in the nature of a rescission. *See, York and York,* 30 Or App 937, 569 P2d 32 (1977). That, rather than any specific number of months or years, is what we mean by a 'short-term marriage.' With each common financial act or decision, however, the finances of the parties may become more interrelated, and extrication upon dissolution becomes increasingly difficult. The origin of each item becomes less significant in the overall task of making a property division which is 'just and proper in all circumstances.' * * *" 294 Or at 242.

It is clear that the parties here had commingled their financial affairs to the point that identifying the source of the distributable property is of limited significance, although it is appropriate to take it into consideration in the distribution. In the light of *Jenks and Jenks, supra,* the origin of the divisable assets is not a compelling reason for the disparate distribution of property.

■     We conclude that the property division must be modified more nearly to equalize the distribution. The most appropriate way to adjust the division is to increase the judgment in favor of wife. Accordingly, the amount of the judgment is increased to $16,000. The payment schedule set by the trial court in the decree had the first payment due in March, 1981, and the final payment due in March, 1982. The court imposed a lump sum payment of $5,000 due December 15, 1981, which was to coincide with the date the bank stock was to be redeemed. If husband has met that payment schedule, then a portion of the judgment has been discharged. We are unaware whether he has.

The judgment of $16,000, adjusted for payments already made, shall be paid at the rate of not less than $250 per month plus interest at nine percent per annum on the unpaid

balance. The payments shall begin on the 25th day of the month next succeeding the month this decision becomes effective. The entire balance of the judgment, including any accrued interest, shall be paid on or before June 1, 1985. Wife requests that we either partition the real property or make the judgment a lien on the property to be paid in full when the property is sold. For the reasons expressed in *Slauson and Slauson,* 29 Or App 177, 562 P2d 604 (1977), and *Jenks and Jenks, supra,* we decline that request. The parties' financial affairs should be disentangled.

■ Wife contends that she should receive spousal support for a period of time to allow her to pursue educational goals and become employable at a higher income. The trial court found that, although husband earns a higher gross salary than wife, his employment as a long-haul truck driver entails considerable expense and his net income is fairly comparable to wife's. The court also found that, due to substantial health problems, husband's continued employment is questionable. We concur in the trial court's reasons for rejecting wife's request for spousal support. We have taken the pension plan into consideration in recalculating the property division.

■ We find no merit in wife's request for reversal and remand on the ground the trial judge refused to disqualify himself from hearing the matter on remand. The request was made orally at the start of the hearing, and there was no substantial basis for disqualification. The court did not abuse its discretion in rejecting the motion.

Decree modified to increase wife's judgment to $16,000; affirmed as modified. Costs to appellant.