No. 84-300

IN THE SUPREME COURT OF THE STATE OF MONTANA

1984

---

IN RE THE MARRIAGE OF
SYBILLA V. KEEPERS,

Petitioner and Respondent,

and

DALE KEEPERS,

Respondent and Appellant.

---

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Moses Law Firm; Bruce E. Becker, Billings, Montana

For Respondent:

James J. Sinclair, Billings, Montana

---

Submitted on Briefs: September 27, 1984

Decided: November 16, 1984

Filed: NOV 16 1984

*Ethel M. Harrison*

---
Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Dale E. Keepers appeals from the April 17, 1984 judgment of the Yellowstone County District Court dissolving his marriage to Sybilla V. Keepers and dividing their property. We affirm.

Sybilla and Dale were married on August 23, 1980, in Billings, Montana. There is no issue from this union although Sybilla had two children from a previous marriage who resided with the couple. After three years of marriage, the parties separated and soon sought to dissolve their marriage. On April 12, 1984, the District Court entered Findings of Fact and Conclusions of Law. On April 17, 1984, judgment was entered thereon.

Dale was employed during the marriage and currently earns a net income of $1,175.00 per month. Sybilla was employed during the marriage and earns $805.41 per month. In addition, she receives $450.00 per month for the support of her two minor children from a previous marriage.

The personal property belonging to the parties has been divided and is not at issue on appeal. No maintenance was awarded.

At the time of the marriage Dale owned real estate located at 2028 George Street in Billings, worth approximately $65,000.00, that was subject to a $24,366.00 purchase money mortgage at the time of the hearing. The property was later encumbered by an additional $13,518.00 debt which was incurred by the parties during marriage.

Part of the $13,518.00 loan was used for a downpayment on the purchase of the Larimer home in which the parties

resided during marriage. The District Court ordered that this home be sold, the mortgage retired and the proceeds divided equally between the parties. An additional $1,500.00 of the $13,518.00 which was secured by the George Street home was used to pay delinquent payments on Sybilla's Willona Drive home before that home was sold.

Sybilla entered the marriage to Dale with some equity in a home on Willona Drive which she derived from a previous divorce settlement. After the mortgage arrearage was paid the home was sold and Sybilla netted $9,000.00. Sybilla secured a judgment from her former husband for delinquent child support. She received a cash payment of $4,167.13 and then received 17 monthly payments of $653.88 during her marriage to Dale, a total of $15,283.09.

Sybilla had a $3,592.56 unsatisfied judgment against her that was entered before marriage and paid during the marriage.

The money received by Sybilla along with the wages of both parties were commingled and spent for family purposes during the course of the marriage. Dale rented his separate property on George Street and used the proceeds to make payments on the mortgages.

The District Court ordered the George Street property sold, the mortgages paid off, and the remaining proceeds divided between the parties. Dale is to receive $3,592.56 more than Sybilla from the sale to compensate for Sybilla's premarital debt. Dale appeals from the property division.

Dale raises five points of error but they can all be reduced to one issue.

Did the District Court err in applying section 40-2-202, MCA, when dividing the marital estate between the parties?

Dale objects to the judgment of the District Court that awards Sybilla one-half of the equity in his property acquired prior to marriage minus $3,592.56. The division of property in a marital dissolution case is governed by section 40-4-202, MCA.

"Section 40-4-202. Division of property.

(1) In a proceeding for dissolution of a marriage, legal separation, or division of property following a decree of dissolution of marriage or legal separation by a court which lacked personal jurisdiction over the absent spouse or lacked jurisdiction to divide the property, the court, without regard to marital misconduct, shall, and in a proceeding for legal separation may, finally equitably apportion between the parties the property and assets belonging to either or both, however and whenever acquired and whether the title thereto is in the name of the husband or wife or both. In making apportionment, the court shall consider the duration of the marriage and prior marriage of either party; antenuptial agreement of the parties; the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities, and needs of each of the parties; custodial provisions; whether the apportionment is in lieu of or in addition to maintenance; and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution or dissipation of value of the respective estates and the contribution of a spouse as a homemaker or to the family unit. In dividing property acquired prior to the marriage; property acquired by gift, bequest, devise, or descent; property acquired in exchange for property acquired before the marriage or in exchange for property acquired by gift, bequest, devise, or descent; the increased value of property acquired prior to marriage; and property acquired by a spouse after a decree of legal separation, the court shall consider those contributions of the other spouse to the marriage, including:

"(a) the nonmonetary contribution of a homemaker;

"(b) the extent to which such contributions have facilitated the maintenance of this property; and

"(c) whether or not the property division serves as an alternative to maintenance arrangements."

All property, however and whenever acquired by the parties, becomes part of the marital estate and is subject to

- 4 -

apportionment by the court under section 40-4-202. The latter part of this section speaks specifically to property acquired prior to marriage, property acquired by gift, bequest, devise, etc.

This Court has recognized that when inherited property or property acquired by one party prior to marriage is subject to division in a dissolution proceeding, the lower court must consider the origin of the property. Herron v. Herron (1980), 186 Mont. 397, 608 P.2d 97; Metcalf v. Metcalf (1979), 183 Mont. 256, 598 P.2d 1140; Vivian v. Vivian (1978), 178 Mont. 341, 583 P.2d 1074. The property acquired before marriage is still a marital asset subject to division. There is no definite rule as to how the trial court is to consider the asset. Each case has to be decided on its own facts. Vivian, supra.

It is well settled in Montana that the District Court has far-reaching discretion in resolving property divisions and its judgment will not be altered unless a clear abuse of discretion is shown. Kruse v. Kruse (1978), 179 Mont. 79, 84, 586 P.2d 294, 297; Cook v. Cook (1972), 159 Mont. 98, 495 P.2d 591. Findings of fact will not be set aside on appeal unless clearly erroneous. Rule 52(a), M.R.Civ.P. It is against this backdrop of established law in Montana that we view Dale's appeal.

Dale argues that the child support judgment and current child support payments received by the wife should go to the benefit of the children. At any rate they were put into the marital pot and spent like the parties' wages were spent. Dale contributed to the marital pot. He contributed $64,688.06 in wages as opposed to $33,205.20 in wages contributed by Sybilla to the marital pot over the course of

the marriage. The support of Sybilla's children came from the marital pot. Dale did not adopt these children. The money Sybilla received from her ex-husband for back child support was commingled with funds earned by both parties during the marriage. Dale argues the child support payments should not be considered as prior acquired property. Whether these payments are technically considered prior acquired property is not the point. These payments are not property before the court to be divided but are evidence of contributions of the other spouse, Sybilla. The evidence shows at least some of these funds were spent by Dale. We conclude the District Court did not err in considering these payments when dividing Dale's prior acquired property pursuant to section 40-2-202, MCA.

Dale also argues that the District Court erred in finding that both parties brought the same net equities into the marriage. The District Court expressly found that the $13,518.00 encumbrance on appellant's real estate was incurred by the parties during the marriage. Nonetheless, the court deducted $13,518.00 from the equity appellant brought into the marriage. Even counting the back child support as pre-marital equity, Dale clearly brought more property to the marriage than Sybilla.

The importance of this finding is relevant but not determinative. Dale argues that in a marriage of short duration the parties should be placed in the position they would have been in as if no marriage had occurred. See In the Matter of Marriage of Card (1982), 60 Ore.App. 117, 652 P.2d 866. Duration of marriage is a factor to be considered in section 40-4-202(1), MCA. There is no set rule that parties to a brief marriage be restored to premarital status.

Property need not be divided equally only equitably in accordance with the factors set forth in section 40-2-202, MCA.

With respect to property acquired before marriage, section 40-2-202(1) states the court shall consider those contributions of the other spouse to the marriage including:

"(a)    the nonmonetary contribution of a homemaker;

"(b)    the extent to which such contributions have facilitated the maintenance of this property; and

"(c)    whether or not the property division serves as an alternative to maintenance."

The wording of the statute does not make the three factors listed above exclusive. The word "including" implies "also," or "in addition to." The statute must be construed to mean that the court shall also consider other relevant contributions of the spouse in making an apportionment.

The District Court also took into consideration the monetary contributions of each of the parties, the extent to which the contributions have facilitated the maintenance of the property and the acquisition of other property acquired as a result of a sale or exchange of premarital property, together with the abilities of each of the parties to acquire future assets or income from employment. The property divided serves as an alternative to maintenance.

Reasonable minds could differ on what would be the most equitable distribution of the parties' property. That the case may be decided differently is not the inquiry on appeal, the question is whether the fact determination of the court below is clearly erroneous. Rule 52(a), M.R.Civ.P.

Even with the erroneous finding of fact pointed out by appellant, we do not find that the District Court clearly abused its discretion.

Affirmed.

_____ John G. Sheehy
                  Justice

We Concur:

_____ John Conway Harrison

_____ Frank B. Morrison

_____ Daniel J. Shea

_____
          Justices

- 8 -