No. 84-508

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

IN RE THE MARRIAGE OF

JULIE ANN OSTEEN,

Petitioner and Appellant,

and

NARVEN ELBERT OSTEEN,

Respondent and Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln,
The Honorable Robert Holter, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Sverdrup & Spencer; Scott B. Spencer, Libby,
Montana

For Respondent:

Law Office of David W. Harman, Libby, Montana

Submitted on Briefs: Feb. 22, 1985

Decided: April 11, 1985

Filed: APR 11 1985

Ethel M. Harrison
Clerk

Mr. Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Julie Ann Osteen appeals a judgment of the Lincoln County District Court which divided the marital property of herself and her husband, Narven Elbert Osteen. The court adopted verbatim the settlement proposed by respondent husband. The sole issue is whether the District Court abused its discretion in making that property division.

We hold that discretion was not abused, and we therefore affirm the District Court.

The parties were married on December 16, 1978, and the marriage was dissolved on October 11, 1984. The order dividing their property was entered on October 23, 1984. Both parties were represented throughout the proceedings by counsel. Both parties submitted proposed findings of fact and conclusions of law. And both parties submitted a separate list to the court proposing distribution of the property.

The trial court heard testimony from both parties as to their proposed property distribution, and both Julie and Narven agreed each item was valued correctly. When questioned by her own counsel, Julie testified Narven did not have any property which she wanted. She further testified she was aware Narven had retirement benefits from his employer, and that she was making no claim on those benefits. She also testified Narven went on a three-week trip, at which time she moved out of the family residence, taking with her, all items of personal property she wanted.

In this appeal, Julie asserts she was supposed to have received certain items of property in the division, but those

were awarded instead to Narven, namely a 1979 Ford pickup truck, two wedding rings, and a washer and dryer. Specifically, in her proposed distribution, she had sought the pickup, but omitted any reference to jewelry and to the washer and dryer. Narven, on the other hand, sought all those items in his proposed property distribution, and in addition agreed Julie should have several items of jewelry including three diamond rings, with all the jewelry valued at $3,800.

We are asked to determine whether a property disposition, derived from lists proposed by the parties represented by counsel, should be set aside because that disposition was the one proposed by the respondent; or because an exact mathematical division was not made; or because both parties sought certain of the same items of property. The standard of review announced by this Court concerning the disposition of marital property has been repeated many times. The District Court has far-reaching discretion in resolving property divisions, and its judgment will not be altered unless a clear abuse of that discretion is shown. Smith v. Smith (Mont. 1981), 622 P.2d 1022, 1024, 38 St.Rep. 146, 148.

That discretion is limited by the statutory requirements contained in § 40-4-202, MCA. It is unnecessary to set forth here, the statute in its entirety. Rather, our review of the record discloses the District Court clearly considered and applied each of the criteria relevant to this case.

Our role on review is not to substitute our opinion for that of the District Court, but rather to determine whether substantial credible evidence supports the lower court's ruling. We hold that it does.

Julie also asserted the District Court erred in adopting verbatim, Narven's proposed property settlement. Actually, her own proposed property settlement was strikingly similar to his. In fact, with the exceptions of the 1979 pickup, the rings, and the washer and dryer, she accorded him more items of property than he claimed, and suggested a net value for all the property she claimed, of $5,000 less than the property she proposed for him to have. Even though the court awarded Julie $2,000 more than she sought, it awarded Narven property valued at approximately $3,000 more. But as this Court has previously said it is not error for one party to receive more property than the other. In re the Marriage of Myers (Mont. 1984), 682 P.2d 718, 723, 41 St.Rep. 990, 996. And, concerning disposition of that property:

> "Reasonable minds could differ on what would be the most equitable distribution of the parties' property. That the case may be decided differently is not the inquiry on appeal, the question is whether the fact determination of the court below is clearly erroneous. Rule 52(a), M.R.Civ.P."

In re Marriage of Keepers, (Mont. 1984), 691 P.2d 810, 813, 41 St.Rep. 2163, 2167. Appellant argues that the court made errors in its findings of fact. As we stated in Keepers:

> "Even with the erroneous finding of fact pointed out by appellant, we do not find that the District Court clearly abused its discretion." (Id.)

We find that the District Court complied in all respects with § 40-4-202, MCA, in reaching its judgment.

We affirm the District Court.

_____
Justice

We Concur:

- 4 -

_____
            Chief Justice

_____

_____

_____
                  Justices

- 5 -