Argued and submitted July 6, 1988, affirmed as modified March 8, reconsideration allowed by opinion May 24, 1989
See 96 Or App 767 (1989)

# DEBORD,
*Respondent,*

*and*

# DEBORD,
*Appellant.*

## (D85-12-125; CA A44956)

770 P2d 81

Ronald I. Gevurtz, Portland, argued the cause for

appellant. With him on the brief was Katherine Brown, Portland.

Constance C. Jarvis, Portland, argued the cause for respondent. On the brief were Kathryn T. Whalen, and Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Before Joseph, Chief Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

In this appeal from a dissolution judgment, wife contends that the trial court erred in not awarding her an equal share of the equity in real property acquired during the marriage or at least one half of the increase in the value of the equity acquired during the marriage. We modify the judgment and affirm it as modified.

The parties began living together in April, 1981, were married December 4, 1981, and separated October 20, 1985. A dissolution judgment was entered on June 18, 1987. Husband was employed by Portland General Electric. His annual salary at the time of trial was $39,677. He brought to the marriage a house in Rockaway, a duplex, a six-plex and a nine-plex in Portland, a vacant lot in Sandy and a contract receivable from the sale of real property in Estacada. Wife owned and operated a day care center and brought to the marriage a house and an automobile. The parties kept those properties in their individual names after their marriage.

During the marriage, the parties also acquired a rental house, an eight-plex and a twelve-plex. The eight-plex and the twelve-plex were purchased in husband's name, and the rental home in both parties' names. A $24,000 down payment was made on the twelve-plex. The funds for the down payment came from a $7,500 loan, on which wife was a coguarantor, and from a joint money market account. The primary source of the money in that account was husband's rental properties, in particular proceeds from the Estacada contract. As of June, 1986, husband had received approximately $93,000 under that contract. A $15,000 down payment was made on the eight-plex and a $3,000 down payment on the rental house. The money for the down payments came from the money market account.

Husband and wife helped each other with the maintenance and improvement of their properties, including her business. Wife took no salary for the work that she did, but husband drew a salary, which usually was deposited in a day care center account. The couple paid most of their living expenses out of the day care center funds, as well as husband's salary, although they also had several joint bank accounts which both used for business and personal purposes. They filed joint tax returns for the years 1981 to 1985. Wife had

custody of two of her children from a previous marriage, for whom she received no child support. Husband had one daughter from a previous marriage, for whom he made child support payments.

The parties agreed to share in the changes in value of properties brought to the marriage, and the court divided those increases or decreases between them. The dispute concerns the distribution of property acquired during the marriage. The trial court awarded husband all of the property acquired during the marriage, except for one quarter of the increase in value of the property, which it awarded to wife. Wife assigns error to the trial court's distribution of the property acquired during the marriage, arguing that she is entitled to one half of the properties or to at least one half of the increase in their values.

ORS 107.105(1)(f) provides a presumption that both spouses contributed equally to the acquisition of property during the marriage. Husband first argues that the presumption does not apply, because wife had an income and was not a homemaker. However, a spouse need not be a homemaker for the presumption to apply. When, as here, a spouse contributes to the family income or participates in the maintenance of a family business, the presumption of equal contribution is strengthened. *Olinger and Olinger,* 75 Or App 351, 355, 707 P2d 64, *rev den* 300 Or 367 (1985).

Husband also argues that, if the presumption is applicable here, he overcame it, because it was possible to trace the source of funds used in the acquisition of property during the marriage and the major portion of those funds were his. We conclude that husband did overcome the presumption. However, we do not reach this conclusion solely because the funds could be traced to him. The fact that most of the funds used to purchase the property were his *and* the limited duration of the marriage justify our conclusion. The duration of the marriage is significant because, although wife's efforts did contribute to the parties' ability to purchase the property and to the appreciation of the property, her contribution was limited because of the short length of the marriage.

This case is distinguishable from *Olinger and Olinger, supra,* because, in that case, although the funds for the

acquisition of the property could be traced to assets that husband brought to the marriage, wife's contribution through her personal efforts was of a longer duration and was more substantial. It has not proved to be particularly helpful to categorize marriages as short term or long term and subject each category to different rules. However, our holding that the presumption of contribution may be overcome in a marriage of limited duration when property is acquired with funds primarily from one party is consistent with the frequently applied principle that, in a marriage of short duration, the objective of the court in distributing property is to return the parties to the extent possible to their relative financial positions before the marriage. *Card and Card,* 60 Or App 117, 120, 652 P2d 866 (1982); *York and York,* 30 Or App 937, 939, 569 P2d 32 (1977).

■    Wife may not be entitled to an equal share of the property acquired during this marriage; however, she is entitled to a portion of it. Our responsibility is to divide the property "as may be just and proper in all the circumstances." ORS 107.105(1)(f). The fact the property was purchased from the proceeds of assets that husband brought to the marriage does not present the whole picture. Husband's ability to use those funds for property acquisition was enhanced because the parties used money from wife's day care center to pay for household and living expenses. As the trial court found, they worked together to increase the value of their assets, and "it would be unrealistic to pretend that these newly acquired assets came solely from the labors and efforts of [husband]." Considering the contribution of each party to the acquisition and maintenance of the disputed properties, in particular the source of funds to purchase and maintain the assets, as well as each parties' personal efforts to maintain the property, we hold that wife is entitled to one half of the increase in value of the property acquired during the marriage.[1] She also contends that she should have been awarded attorney fees. We hold that the trial court did not abuse its discretion in denying her attorney fees.

Judgment modified to increase wife's judgment from

---

[1] Wife argues that the trial court's valuations of the property are in error. On *de novo* review, we find that the values are correct.

$36,767 to $58,718, payable three years after the effective date of the appellate judgment; affirmed as modified. Costs to wife.