Argued and submitted August 6, 1993, affirmed on appeal and on cross-appeal
April 20, 1994

In the Matter of the Marriage of

Roger Mark HADDEN,

*Appellant - Cross-Respondent,*

*and*

Sharon Kay HADDEN,

*Respondent - Cross-Appellant.*

(91C31895; CA A77161)

873 P2d 394

Gilbert B. Feibleman argued the cause for appellant - cross-respondent. With him on the briefs was Ramsay, Stein & Feibleman, P.C.

Erik E. Highberg argued the cause for respondent - cross-appellant. With him on the brief were Gregory C. Hansen and Crothers & Hansen, P.C.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

LANDAU, J.

**LANDAU, J.**

Husband appeals from the property division provisions of a dissolution judgment allowing the parties to keep the growth in their own retirement accounts. Wife cross-appeals, assigning error to the trial court's decision to distribute the remaining property equally. On *de novo* review, ORS 19.125(3), we affirm on the appeal and on the cross-appeal.

The parties had been married for two and one-half years at the time of the dissolution, and they had lived together for two years before their marriage. During that four and one-half year period, they made a number of large joint purchases, including a home, and paid for household expenses out of a joint bank account. However, in an apparent attempt to avoid commingling their financial lives, they retained separate individual bank accounts, reimbursed one another for joint expenditures, borrowed money from and repaid money to one another, and kept extensive records of their joint and individual finances.

Both parties were government employees and participated in the Public Employes Retirement System (PERS). Wife also held a "TSA" tax deferred account. All three accounts increased in value during the marriage, although the growth in wife's combined accounts significantly exceeded the growth in husband's account.

At dissolution, husband sought an equal distribution of their marital assets, including an equal division of the growth in the retirement accounts. Wife sought a property distribution restoring the parties to their premarital positions and, therefore, distribution of the growth in each retirement account to its respective owner. The trial court determined that, despite their extensive record keeping efforts, the parties' financial lives could not be disentangled to a premarital status, except with regard to the retirement accounts. Finding that "the only clear rebuttal of the presumption of equal financial contribution would seem to exist in regard to the retirement accounts," the court distributed the growth in those accounts to their respective owners. All other material assets were divided equally.

Husband assigns as error the trial court's failure to award each party half of the growth in all three retirement

accounts. He contends that the trial court erred in applying the statutory presumption of equal contribution to only a portion of the parties' assets, rather than to their entire combined estate. He asserts that, once an initial finding of equal contribution is made, *all* property must be equally divided.

■ We disagree. When one party acquires a marital asset without any effort or contribution by the other party, that asset may be removed from the "equation" prior to equal distribution. *Pierson and Pierson*, 294 Or 117, 123, 653 P2d 1258 (1982).

■ Husband argues that there is no evidence in the record that can justify treating the growth in the retirement accounts differently from the other assets. On the contrary, we find ample evidence that husband did not contribute to the growth in his wife's retirement accounts, and vice versa. Each account was acquired individually by its respective owner before the marriage and was augmented during the marriage by payments from the owner's respective employer. Although those facts, by themselves, might be inadequate to rebut the presumption of equal contribution, in this case we find that the presumption has been rebutted because it also appears that the parties attempted to lead independent financial lives and assumed roughly equal responsibility for the economic and noneconomic well being of their household, and neither party benefitted unfairly from the other's efforts and contributions.

Husband argues that he contributed indirectly to the growth in his wife's accounts by "being part of the household and contributing physically, emotionally and financially to her children's welfare." However, he also benefitted from "being part of the household," and was expressly compensated, in the dissolution order, for his contribution to wife's children, by being permitted to keep a somewhat greater portion of the parties' combined assets than wife.

Husband argues that the trial court's award of the growth in the retirement plans is contrary to decisions in *Debord and Debord*, 95 Or App 544, 770 P2d 81, *mod* 96 Or App 767, 770 P2d 81 (1989), and *Kampmann and Kampmann*, 108 Or App 407, 816 P2d 642, *mod* 110 Or App

100, 820 P2d 1379 (1991). Both cases are distinguishable. In *Debord*, we found that the wife was entitled to an equal share of the increase in value of rental properties acquired during a short-term marriage even though the properties themselves were traceable to, and were awarded to, the husband. Equal distribution of the increase in value was just and proper in that case, because the wife had worked to maintain the rental properties without drawing a salary, and had enhanced the husband's ability to use his own money to acquire the properties by using money from her own business for household and living expenses. *Debord and Debord, supra*, 95 Or App at 548. In this case, husband made no comparable concrete contribution that would entitle him to a share of the increase in wife's retirement accounts.

In *Kampmann*, we held that the wife was entitled to one-half of the increase in value of certain land purchased by the husband before their marriage. But we also held that the wife was *not* entitled to any increase occurring during the period of the parties' cohabitation, when the economic impact of the parties' living arrangement "was more akin to a sharing of expenses than to marriage." *Kampmann and Kampmann, supra*, 108 Or App at 410. In this case, it is clear that both parties made conscious efforts to live under a "shared expenses" type of arrangement and to avoid the kind of financial interdependence that is generally associated with marital finance. Although their record keeping efforts ultimately proved insufficient to rebut the presumption of equal contribution with regard to the remainder of their assets, we conclude that it is appropriate to give force to those efforts to the extent possible, by distributing the growth in each of the parties' retirement accounts to the account's owner.

█  In her cross-appeal, wife assigns error to the trial court's failure to restore the parties to their premarital financial positions with respect to *all* of their property. She maintains that this is the proper remedy when a short-term marriage is dissolved and when the parties "kept detailed, accurate and complete accountings of all assets and liabilities of the marriage."

Husband concedes that the parties kept detailed records throughout their relationship, and that the spreadsheets that wife offered as evidence were derived from those

records. He also asserts, however, that wife's spreadsheets did not accurately or completely reflect all of the parties' financial transactions. The trial court agreed with husband, finding that, although wife had presented detailed records, they were so incomplete, disorganized and inaccurate as to prevent fair disentanglement of the parties to their premarital status. We agree with the trial court's assessment of the record.

Affirmed on appeal and on cross-appeal. No costs to either party.