Argued and submitted December 16, 1982, modified and remanded with
instructions April 13, 1983

# In the Matter of the Marriage of

## McINNIS,
*Respondent,*
*and*
## McINNIS,
*Appellant.*

(D7909-67369; CA A23698)

661 P2d 942

James F. O'Rourke, Jr., Portland, argued the cause for appellant. With him on the brief was John S. Marandas, Portland.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

Rossman, J., specially concurring.

## BUTTLER, P. J.

Wife appeals from a decree of dissolution, assigning error to the trial court's refusal to award her a money judgment against husband for his share of marital debts and for his personal liabilities that wife paid or assumed during the marriage. We affirm the dissolution and remand with instructions to modify the decree.

This was a short-term marriage of four months when the parties separated in March, 1979. Each party brought debts to the marriage, including husband's debt of $500 to wife for a car loan. Wife brought a house to the marriage. During the marriage, the parties dissipated assets and incurred more debts, many on wife's charge accounts and credit union account. From their joint household account, the parties paid some of husband's preexisting personal bills and costs involving his flying lessons during the marriage and his drinking habit. When the parties separated, their marital debts exceeded their marital assets. Several months later, wife borrowed money to pay off those debts, including marital debts; that loan was secured by a second mortgage on her house.

As part of the property division, wife sought a money judgment against husband for (1) his half of the marital debts incurred in her name, (2) half his personal bills that wife paid or assumed during the marriage, and (3) a $500 car loan she made to husband before the marriage. The trial court awarded a judgment against husband only for the $500 loan. It denied any further money judgment, stating:

> "ORS 107.105 is the statute that deals with the Court's power in making a decree and nowhere in that statute, nor in anything brought to the attention of the Court, is there any authority, and I know of none, to do what it is the Respondent asks. A money judgment is proper in circumstances where there is a substantial asset which cannot otherwise be divided. But what you're talking about is a negative, an asset which is, in effect, a negative.

> "This Court's position has been and continues to be, until some Appellate Court rules otherwise, that a juggling of money around based upon what the parties did to dissipate assets and create debt during a marriage is not

something the Court has the legal power to do, however equitable it may be."

We believe that the trial court underestimated the breadth of its authority in resolving cases of this kind. We start with the premise that the property distribution in short-term marriages should place the parties as nearly as possible in the financial position they would have held had no marriage taken place. *York and York,* 30 Or App 937, 569 P2d 32 (1977). ORS 107.405 grants the court full equity powers in dissolution proceedings. An order requiring one party to assume and pay certain marital debts of the parties is appropriate as a division or other disposition of their property pursuant to the court's equity powers. *Cooley v. Cooley,* 1 Or App 223, 233, 461 P2d 65 (1969). The court may determine as between the parties their liability for outstanding debts. *Nolan and Nolan,* 20 Or App 432, 436, 532 P2d 35, *rev den* (1975). We do not believe that ORS 107.105 necessarily limits the allocation of the liability for marital debts to a setoff of marital assets.

In this case, the second mortgage represents an outstanding debt arising out of the marriage, and the court may allocate, as between the parties, the responsibility for its payment, notwithstanding the fact that it is in wife's name and is a lien against her property.[1] Under *Nolan* and *Cooley,* we conclude that husband should be allocated the responsibility for outstanding debts to the extent of his half of the marital debts incurred in wife's name on her credit, and for one-half of husband's preexisting bills[2] that wife paid or assumed during the marriage. We find that the marital debts incurred in wife's name amount to $3,677.13. Husband's share is $1,838.57. We find that wife assumed

---

[1] Although the second mortgage was taken after the parties had separated, portions of the loan were used to pay marital debts and those attributable to husband's preexisting liabilities. The effect was to consolidate the debts, on the basis of wife's credit and the security of her home.

[2] Although there is no evidence that wife intended those payments as a loan, we include them because we want to put both parties in as near a position as they would have been but for the marriage, *i.e.,* each being responsible for individual debts incurred before the marriage. As to husband's personal expenses incurred during the marriage and paid out of joint funds, we find nothing in the record to show that the parties had intended to segregate those expenses or to create a debtor-creditor relationship for joint payment of those expenses.

$686.55 as half of husband's preexisting liabilities. Accordingly, husband's total liability under the allocation is $2,525.12.[3]

The decree is modified; because the record contains information about the second mortgage balance and payment schedule only up to August, 1979, we remand to the trial court to determine the present status of the second mortgage and to modify the decree in accordance with the following instructions.

If the outstanding principal balance on the second mortgage is at least $2,525.12, the decree shall be modified

---

[3] The following table shows the accounting. We have used the account balances for the credit union and charge accounts as they existed when the parties separated in March, 1979. Wife testified that she had used the mortgage proceeds to pay the listed accounts, but she seeks to recover both the listed account balances and the mortgage debt (less her preexisting debts). That would be a double recovery on the listed accounts and recovery of an amount for which there is no evidence of what, if any, debts it was used to pay.

DEBTS AT CONCLUSION OF RELATIONSHIP

| | | | |
|---|---|---|---|
| 1. | Credit Union/Refinancing (on vehicle) | $5,287.47 | |
| | Less debt at start of relationship | 3,534.45 | |
| | Marital estate liability to Credit Union | | $1,753.02 |
| 2. | VISA | 845.57 | |
| | Less debt at start of relationship | 502.27 | |
| | Marital estate liability to VISA | | 343.30 |
| 3. | Master Charge | 1,265.21 | |
| | Less debt at start of relationship | 590.39 | |
| | Marital estate liability to MasterCharge | | 674.82 |
| 4. | Meier & Frank | · | 724.71 |
| 5. | Wards | | 181.28 |
| | TOTAL DEBTS AT END OF RELATIONSHIP | | $3,677.13 |
| | Equal division of liabilities/per individual | | 1,838.57 |
| | Husband's preexisting liabilities paid/assumed by wife | | 686.55 |
| | TOTAL | | $2,525.12 |

to require husband to make the next due payments, including interest, on the second mortgage, no later than they would be due from wife, until the principal balance of the mortgage is reduced by $2,525.12. If the outstanding principal balance is less than $2,525.12, the decree shall be modified to require husband to make the remaining payments, including interest, on the second mortgage, no later than they would be due from wife, reducing his liability to wife by the amount of mortgage principal so paid; wife shall have judgment against husband for the balance of husband's liability for $2,525.12 remaining after the second mortgage has been satisfied, together with interest on that balance from the date of the original decree. In either case, if husband fails to make the mortgage payments as required by the modified decree, wife shall be entitled to judgment against husband for each such payment (including principal, interest and penalty, if any) past due. If the second mortgage has been satisfied or if wife's liability thereon has been otherwise extinguished, wife shall have judgment against husband for $2,525.12, together with interest from the date of the original decree. Costs to wife.

**ROSSMAN, J.,** specially concurring.

I specially concur.

I agree with the majority's conclusion that the trial court underestimated the breadth of its authority. However, in keeping with the principle that a decree of dissolution should disentangle the financial affairs of the parties as far as possible, I would prefer that wife simply be awarded an appropriate money judgment, as opposed to the comparatively awkward disposition fashioned by the majority. Such an award made by this court following *de novo* review would end the controversy now, avoiding the necessity of remanding the case for further proceedings.